UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | ) | Case No. 06-932L<br>Judge Emily C. Hewitt<br><br>**Electronically filed: March 27, 2007** |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the United States of America, hereby submits the following Answer to the Complaint. Defendant specifically denies each and every allegation of the Complaint that is not otherwise expressly admitted, qualified, or denied in this Answer. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

### I. "GENERAL NATURE OF THE ACTION"

1. The allegations contained in Paragraph 1 constitute Plaintiff's characterizations of this suit to which no response is required.

### II. "PARTIES"

2. As to the allegations contained in Paragraph 2, Defendant admits that the Ak-Chin Indian Community is a federally-recognized Indian tribe with a reservation located in the vicinity of Phoenix, Arizona; that the number of enrolled members of the Community currently is between 700 and 800; and that Defendant holds lands in trust for Plaintiff. The remaining allegations in the paragraph are conclusions of law requiring no response.

3. As to the allegations contained in Paragraph 3, Defendant admits that the United States

acts as trustee for such assets as it holds in trust for the Ak-Chin Indian Community, and that the United States carries out certain legal responsibilities for the Ak-Chin through the Secretaries of the Interior and of the Treasury. The remaining allegations in the paragraph are conclusions of law to which no response is required.

4. As to the allegations contained in Paragraph 4, Defendant admits that Dirk Kempthorne is the Secretary of the Interior and that the United States carries out certain legal responsibilities for the Ak-Chin through the Secretary of the Interior. Defendant denies that Dirk Kempthorne or the Secretary of the Interior is a “party” to this lawsuit. The remaining allegations in the paragraph are conclusions of law to which no response is required.

5. As to the allegations contained in Paragraph 5, Defendant admits that Ross Swimmer is the Special Trustee for American Indians; that he is appointed by the President of the United States with the advice and consent of the Senate; and that the United States carries out certain legal responsibilities for the Ak-Chin (such as some of those specified in the American Indian Trust Reform Management Reform Act, 25 U.S.C. §§ 4001 *et seq*.) through the Special Trustee. Defendant denies that Ross Swimmer or the Special Trustee for American Indians is a “party” to this lawsuit. The remaining allegations in Paragraph 5 are conclusions of law to which no response is required.

6. As to the allegations contained in Paragraph 6, Defendant admits that Henry M. Paulson is the Secretary of the Treasury. Defendant denies that Mr. Paulson or the Secretary of the Treasury is a “party” to this lawsuit. The remaining allegations in Paragraph 6 are conclusions of law to which no response is required.

## III. <u>"JURISDICTION"</u>

7. Paragraph 7 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents.

8. Paragraph 8 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and judicial decisions speak for themselves and are the best evidence of their contents.

## IV. <u>"TRUST OBLIGATIONS"</u>

9. As to the allegations contained in the first sentence of Paragraph 9, Defendant admits that President Taft, by Executive Order dated 28 May 1912, first reserved the lands that now comprise the Ak-Chin reservation. Defendant denies the allegations of the second sentence of Paragraph 9; and further avers that President Taft made modifications to the boundaries of the reservation by subsequent Executive Orders dated 2 September 1912 and 8 October 1912. Defendant further avers that the Reservation has comprised 21,840 acres since in or about October 1912.

10. As to the allegations contained in Paragraph 10, Defendant admits that the Ak-Chin organized itself, pursuant to the Indian Reorganization Act of 1934 (25 U.S.C. § 476), in or about August 1961. As to the second sentence of Paragraph 10, the term "control and management" is vague and ambiguous such that Defendant is unable to formulate a response thereto. Notwithstanding the ambiguity, Defendant denies that the United States exercises exclusive control of or management over Ak-Chin trust property, and avers that the Ak-Chin shares control and management of such trust assets, including but not limited to investment of the income

derived from such assets. Defendant further avers that the respective extents of Plaintiff's and of Defendant's control and management of such trust property also are set forth in the provisions of and the regulations implementing statutes respecting tribal property held in trust.

11. As to the allegations contained in Paragraph 11, Defendant admits that Plaintiff's reservation is located in the Sonora Desert of Arizona and that Plaintiff makes agricultural uses of its trust property thereon. Defendant denies that Plaintiff's "water rights were initially secured by the Act of July 28, 1978," and avers that Defendant took affirmative steps to secure Plaintiff's water rights as early as June 7, 1912. See American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 31 Ind. Cl. Comm. 384, 398-402 (1973). Defendant admits that, with the advice and consent of Plaintiff, it has authorized uses to be made of trust lands on the Reservation for such terms and purposes as have jointly been approved by Plaintiff and Defendant. The remainder of the paragraph consists of Plaintiff's legal conclusions to which no response is required, and/or its characterizations of the Act of July 28, 1978, which Act speaks for itself and is the best evidence of its contents.

12. As to the allegations contained in Paragraph 12, Defendant admits that trust lands on Plaintiff's reservation have been leased over the years for rights-of-way and various other purposes. The allegation in the first sentence of Paragraph 12 that the reservation "has produced valuable natural resources" is vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant lacks information sufficient to admit or deny the truth or falsity of the second sentence of Paragraph 12, and therefore denies those allegations. Defendant denies the remaining allegations of Paragraph 12.

13. The allegations contained in Paragraph 13 consist of Plaintiff's characterizations of a

judicial decision to which no response is required. The cited decision speaks for itself and is the best evidence of its contents.

14. As to the allegations contained in Paragraph 14, Defendant admits that the United States holds certain of Plaintiff's lands within the Ak-Chin Reservation in trust for Plaintiff, and that the United States carries out certain legal responsibilities for Plaintiff through the Secretary of the Interior. Defendant denies that Plaintiff's trust assets are solely "managed" by the Department of the Interior, and avers that Plaintiff shares control and management of such trust assets. Defendant further avers that the respective extents of Plaintiff's and of Defendant's control and management of such trust property also are set forth in the provisions of and the regulations implementing statutes respecting tribal property held in trust.

15. As to the allegations contained in the first sentence of Paragraph 15, Defendant avers that the term "substantial," as used by Plaintiff, is vague and ambiguous such that Defendant is unable to formulate a response thereto. Defendant admits, however, that some portion of the funds it holds or has held in trust for Plaintiff is derived "from income from" Plaintiff's trust assets. As to the second sentence contained in Paragraph 15, Defendant admits that Plaintiff is the beneficial owner of lands and associated natural resources and that Defendant holds title to those lands in trust for the benefit of Plaintiff.

16. As to the allegations contained in Paragraph 16, Defendant admits that income is derived from the various uses, such as leases and rights-of-way, that are authorized to be made of the trust lands of Plaintiff, and that such income, together with the trust lands themselves, are trust assets held by Defendant for the benefit of Plaintiff. The allegation that such assets and the income they produce "form the core of" Plaintiff's trust assets is vague and ambiguous such that

Defendant is unable to formulate a response thereto. Defendant currently lacks sufficient information to form a belief about the truth or falsity of Plaintiff's allegation about any sale of natural resources or income derived therefrom and therefore denies the portion of Paragraph 16 containing that allegation.

17. The allegations contained in Paragraph 17 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The cited and quoted judicial decisions speak for themselves and are the best evidence of their contents.

18. The allegations contained in Paragraph 18 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and regulations speak for themselves and are the best evidence of their contents.

19. The allegations contained in Paragraph 19 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and judicial decision speak for themselves and are the best evidence of their contents.

20. The allegations contained in Paragraph 20 consist of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and judicial decisions speak for themselves and are the best evidence of their contents.

21. The allegations contained in Paragraph 21 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

**V. <u>"BREACHES OF TRUST"</u>**

22. The allegations contained in Paragraph 22 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

23. The allegations contained in Paragraph 23 consist of Plaintiff's characterizations and

conclusions of law to which no response is required.

**COUNT I**

24. Defendant incorporates by reference herein its responses to the allegations in Paragraphs 1-23 of the Complaint.

25. As to the allegations contained in the first sentence of Paragraph 25, the Defendant admits that there are regulations in place which concern the management and administration of Indian trust land and natural resources. As to the allegations contained in the first and second sentences of Paragraph 25, the terms "comprehensive regulatory framework" and "pervasive control" are vague and ambiguous such that Defendant is unable to formulate a response thereto and/or constitute Plaintiff's characterizations and conclusions of law to which no response is required. Defendant denies that Plaintiff's trust assets are solely "managed" by Defendant, and avers that Plaintiff shares control and management of such trust assets. Defendant further avers that the respective extents of Plaintiff's and of Defendant's control and management of such trust property also are set forth in the provisions of and the regulations implementing statutes respecting tribal property held in trust. The third sentence of Paragraph 25 consists of Plaintiff's characterization of *Mitchell II*, 463 U.S. at 223, to which no response is required. The cited case speaks for itself and is the best evidence of its contents.

26. As to the allegations contained in Paragraph 26, Defendant admits that the United States acting through the Secretary of the Interior has approved leases, easements, rights-of-way and other uses of Plaintiff's property held in trust by the United States. Defendant avers, however, that it is not in exclusive control of the tribal lands comprising the Ak-Chin Reservation and that the Ak-Chin Community shares control and management of those lands, including but

not limited to management of the "natural resources" and "agricultural uses" on those lands. In response to the allegations contained in the second and third sentences of Paragraph 26, Defendant admits that compensation for such uses, where paid to Defendant on behalf of the Tribe, has been collected and deposited, for the benefit of Plaintiff, pursuant to the applicable statutes and regulations respecting tribal property held in trust. In response to the allegations contained in the third sentence of Paragraph 26, Defendant denies that it presently holds any judgment funds or Proceeds of Labor funds in trust for Plaintiff, and states it presently is without knowledge or information sufficient to form a belief as to any allegation that it "may" hold other funds in trust for Plaintiff. The remaining allegations of the paragraph consist of Plaintiff's characterizations and conclusions of law, to which no response is required.

27. As to the allegations contained in paragraph 27, Defendant avers that the term "a complete and accurate accounting," as used by Plaintiff, is vague and ambiguous, such that Defendant is unable to formulate a response thereto, *see*, *e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982). Notwithstanding such ambiguity, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. In further response to the allegations contained in the first sentence of Paragraph 27, Defendant states that the phrases "by reason of such agreements, leases, and permits" and "such agreements" are vague, such that Defendant cannot formulate a response thereto. Defendant avers that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Ak-Chin Indian Community" for Fiscal

Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and ( c ) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendant. In further response, Defendant notes that there have been periods between 1995 and the present when Defendant neither held monies in trust for Plaintiff nor received monies to be held in trust for Plaintiff, and for such periods it did not send statements to Plaintiff. Further, Defendant avers that Interior has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 31 Ind. Cl. Comm. 384 (1973) and American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 37 Ind. Cl. Comm. 193 (1976). Defendant also avers that additional information regarding Plaintiff's trust assets, including judgment fund monies, has historically been, and is, available to it upon request. As to the allegations in the second sentence of Paragraph 27, Defendant avers that the term "complete" is vague and ambiguous such that Defendant is unable to formulate a response thereto. Further, Plaintiff's allegations in the second sentence consist of characterizations and conclusions of law to which no response is required.

28. The allegations contained in the first sentence of Paragraph 28 consist of Plaintiff's characterizations and conclusions of law to which no response is required. Defendant avers, however, that, while the United States, through the Secretary of the Interior, participated in the execution and approval of leases, and the granting of easements and rights of way, it is not in exclusive control of the tribal lands of which the Ak-Chin Community is the beneficial owner, and that the Ak-Chin Community shares control and management of those lands, including but

not limited to management of the non-mineral estate located on those lands. Defendant further avers that the respective extents of Plaintiff's and of the United States' control and management of such trust property are set forth in the provisions of statutes and the regulations implementing statutes respecting tribal property held in trust. The allegations in the second and third sentence of Paragraph 28 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests to which no response is required.

29. The allegations of Paragraph 29 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests to which no response is required.

**COUNT II**

30. In response to the allegations of Paragraph 30, Defendant incorporates herein by reference its responses to Paragraphs 1-29 of the Complaint.

31. As to the allegations contained in the first sentence of Paragraph 31, Defendant avers that the terms "pervasive" and "general tribal funds" are vague and ambiguous such that Defendant is unable to formulate a response thereto and that Plaintiff's use of the term "pervasive" constitutes a characterization or conclusion of law to which no response is required. Notwithstanding such ambiguity, Defendant admits that the United States has held in trust certain proceeds derived from leases, permits, easements, and rights of way. The allegations contained in the remainder of Paragraph 31 consist of Plaintiff's characterizations of statutes and of Osage Tribes of Okla. v. United States, 72 Fed. Cl. 629, 662 (2006) and legal conclusions to which no response is required. The cited statutes and judicial decision speak for themselves and are the best evidence of their contents.

32. The allegations of Paragraph 32 consist of Plaintiff's characterizations and

conclusions of law to which no response is required.

33. The allegations in the first, third, fourth, and fifth sentences of Paragraph 33 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests to which no response is required. The cited statutes and judicial decision speak for themselves and are the best evidence of their contents. As to the allegations contained in the second sentence, the phrase "at a low rate of interest" is vague such that Defendant is unable to formulate a response thereto.

34. The allegations of Paragraph 34 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests to which no response is required.

**COUNT III**

35. In response to the allegations of Paragraph 35, Defendant incorporates herein by reference its responses to Paragraphs 1-34 of the Complaint.

36. As to the allegations contained in the first sentence of Paragraph 36, Defendant admits that the United States has held in trust certain monies derived from judgments entered on claims Plaintiff has brought against the United States. As to the allegations contained in the second sentence of Paragraph 36, Defendant admits that there are statutes and regulations in place which concern the management, distribution and investment of judgment funds and that the United States has managed, invested, and distributed such funds in accordance with applicable law. Defendant avers, however, that the term "pervasive" is vague and ambiguous such that Defendant is unable to formulate a response thereto and/or constitutes a conclusion of law to which no response is required. The allegations contained in the last sentence of Paragraph 36 consist of Plaintiff's characterization of Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States, 69 Fed. Cl. 639, 656 (2006) and legal conclusions to which no response is required.

The cited judicial decision speaks for itself and is the best evidence of its contents.

37. As to the allegations contained in paragraph 37, Defendant avers that the term "a complete and accurate accounting," as used by Plaintiff, is vague and ambiguous, such that Defendant is unable to formulate a response thereto, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982). Notwithstanding such ambiguity, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Further, Defendant avers that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Ak-Chin Indian Community" for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and ( c ) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendant. In further response, Defendant notes that there have been periods between 1995 and the present when Defendant neither held monies in trust for Plaintiff nor received monies to be held in trust for Plaintiff, and for such periods it did not send statements. Further, Defendant avers that Interior has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 31 Ind. Cl. Comm. 384 (1973) and American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 37 Ind. Cl. Comm. 193 (1976). Defendant also avers that additional information regarding Plaintiff's trust assets, including judgment fund monies, has historically been, and is,

available to it upon request.

38. The allegations contained in Paragraph 38 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

39. The allegations of Paragraph 39 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests to which no response is required.

The remainder of the Complaint is Plaintiff's Prayer for Relief, to which no response is required.

## AFFIRMATIVE DEFENSES

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and other equitable defenses.

4. To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, including, but not limited to, American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 31 Ind. Cl. Comm. 384 (1973); American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 37 Ind. Cl. Comm. 193 (1976); and American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 670 F.2d 980 (1981), *cert. denied*, 456 U.S. 989 (1982), those claims are barred in whole or in part by the doctrines of

*res judicata* and/or *collateral estoppel*.

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction pursuant to 28 U.S.C. § 1500, among other provisions.

6. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 27th day of March, 2007.

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/Laura M.L.Maroldy*_______________
LAURA M.L. MAROLDY
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Phone: (202) 514-4565
Fax: (202) 353-2021
E-mail: laura.maroldy@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

MARTIN J. LALONDE
Senior Counsel
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663

Elisabeth C. Brandon
Attorney-Advisor
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

Teresa E. Dawson
Office of Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, DC 20240