**EXHIBIT A**
1 **of** 6
**07/13/07**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-932L<br>Judge Emily C. Hewitt |

**[PARTIES' PROPOSED] CONSENT PROTECTIVE ORDER**

The parties having stipulated to the entry of this Order for the protection of certain data which is or may be subject to the Privacy Act, 5 U.S.C. § 552a; Indian Minerals Development Act (IMDA), 25 U.S.C. § 2103(c); Trade Secrets Act, 18 U.S.C. § 1905; Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); National Historic Preservation Act Amendments of 1992, 16 U.S.C. § 470w-3; or the Mineral Leasing Act, 30 U.S.C. § 181 *et seq.*; and for the protection of other trade secret, confidential, proprietary or commercially sensitive information, including but not limited to financial information of Individual Indians or other Tribes, within the scope of Rule 26(c)(7) of the Court of Federal Claims, and for good cause shown, it is hereby ORDERED as follows:

1. All materials and information provided by Defendant to Plaintiff or its representatives in response to pre-trial discovery, the Court's production orders or the initial disclosures required per RCFC 26(a)(1) in this action (hereinafter referred to as "Produced Materials") shall be subject to the terms of this Protective Order.

2. Any Produced Material which contains Confidential Information shall be marked by Defendant with the endorsement "Confidential Materials--Do Not Disclose." Produced Material will be so designated if it contains trade secret, confidential, proprietary or commercially sensitive information within the scope of Rule 26(c)(7) of the Court of Federal Claims. Information entitled to protection under this Order shall include, but is not limited to, information protected by the Privacy Act, 5 U.S.C. § 552a; "privileged proprietary information" as defined by 25 U.S.C. § 2103(c) enacted as part of the Indian Mineral Development Act of 1980; information concerning the nature and location of archeological resources within the meaning of 16 U.S.C. § 470hh of the Archeological Resources Protection Act of 1979; information about the location, character or ownership of historical sites within the meaning of 16 U.S.C. § 470w-3(a) of the Natural Historical Preservation Act of 1966; information which concerns or relates to trade secrets or confidential statistical or financial data within the meaning of 18 U.S.C. § 1905; and other confidential, proprietary or commercially sensitive information, including but not limited to financial information of Individual Indians or other Tribes, within the scope of Rule 26(c)(7) of the Court of Federal Claims. The same endorsement shall be placed on any document or other record prepared on behalf of Plaintiff that incorporates Confidential Information derived from any Produced Material designated by Defendant as "Confidential Materials--Do Not Disclose." Produced Material that contains solely Plaintiff's trade secrets, confidential statistical or financial information, or other confidential information will not be designated by Defendant as Confidential and, with the exception of paragraph 4 below, is not subject to this Order.

3. Any documents, data or other materials that Defendant identifies as potentially containing Confidential Information and that Defendant makes available to Plaintiff or its representatives for inspection shall be deemed Confidential and handled accordingly at the time of the document inspection. In the event that images or copies of such inspected materials are thereafter provided to Plaintiff, only those images or copies containing Confidential Information shall be marked by Defendant as "Confidential Materials--Do Not Disclose" and subject to the provisions of this Order.

4. Plaintiff and Defendant may agree to forego Defendant's review to determine the confidentiality of the Produced Materials, in which case Defendant shall endorse "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" on all of the documents, data, and other materials before providing them to Plaintiff. The documents, data, and other materials endorsed in this manner shall be deemed Confidential Materials and protected as such under this Protective Order. If Plaintiff intends to file documents, data, or other materials that have been endorsed as Confidential Materials with the Court as evidence or for any other purpose, it shall follow the procedures set forth in this Protective Order. Alternatively, Plaintiff may request that Defendant review the endorsed documents, data, or other materials to determine if they contain confidential information; redact the confidential information; and produce a version of the documents, data, or other materials, after the necessary redactions, for filing with the Court without the "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" endorsement. If Plaintiff wishes to use for any other purposes documents, data, or other materials that have been endorsed as Confidential Materials, it may request Defendant to undertake the foregoing review procedure of those documents and to produce a version of the documents, data or other materials

without the Confidential Materials endorsement. Such documents, data, or other materials, after either being redacted or determined not to contain Confidential Materials, shall no longer be considered confidential and subject to this Protective Order.

5. Confidential Materials shall be used by Plaintiff's counsel and its consultants and experts (including but not limited to accountants) only for purposes of this litigation, except as set forth below and otherwise hereafter may be agreed to by the parties or approved by the Court. Plaintiff's counsel, consultants and experts may disclose or make available such Confidential Material only to their employees who are currently engaged in work specifically related to this litigation and only to the extent that those employees need such Confidential Material in order to carry out that work; to the Court and Court personnel and court reporters (in the manner provided by Paragraph 4 below) and to Plaintiff and its representatives. Confidential Material also may be shared with legal consultants with whom Plaintiff's counsel may wish to discuss this case, including other attorneys who are not counsel of record in this litigation. Before any Confidential Material so obtained shall be disclosed on behalf of Plaintiff to any such person, Plaintiff's counsel shall advise each such person of the terms of this Order; and each such person shall personally review the terms of this Order and shall execute the following acknowledgement or a copy thereof:

> I understand that I am being given access to Protected Material within the terms of the foregoing Order. I have read the Order and agree to be bound by its terms.

The executed acknowledgements shall be maintained by Plaintiff's attorney(s) of record.

6. **[Plaintiff's Proposed Language]** If Plaintiff believes that any item of Produced Material has been improperly marked as containing Confidential Information, Plaintiff will notify Defendant of its objection to the designation. Upon receipt of such notice, Defendant will

have eleven (11) days to file a motion for protective order pursuant to Rule 26 of the RCFC. If Defendant fails to submit a protective order within the eleven-day period, the Produced Material subject to the objection will no longer be deemed "Confidential" and can be utilized by the parties free from the restrictions of this Order.

6. **[Defendant's Proposed Language]** If Plaintiff disputes Defendant's assertion and designation that Produced Material is subject to confidentiality protection under federal law or regulations, Plaintiff shall notify Defendant in writing and state therein the grounds for disputing Defendant's assertion and designation of confidentiality. Within 30 days of Defendant's receipt of such written notification, the parties herein shall discuss and attempt to resolve the dispute. If the parties do not resolve the dispute within 30 days or an extension thereof, Plaintiff may file a motion to seek a ruling from the Court regarding Defendant's assertion and designation regarding confidentiality.

7. Confidential Materials shall be filed under seal by the Clerk of Court in the event that such materials are filed into the court record as evidence or exhibits or for any other purpose. The parties herein shall not file with the Court at any time any pretrial motion, brief, pleading, or other filing in this case, quoting, or paraphrasing Confidential Materials or containing information obtained from Confidential Materials, unless the confidential portion of any such motion, brief, pleading, or other filing is filed under seal with the Clerk of the Court. Materials or pleadings filed under seal shall be filed in accordance with General Order No. 42A of the Court of Federal Claims and other applicable Court rules, policies, and Orders. In the event that Confidential Material shall be discussed at any deposition, Defendant shall, upon receipt of the transcript of such deposition, promptly designate the pages containing that information and those

pages shall be marked with the "CONFIDENTIAL MATERIALS – DO NOT DISCLOSE" endorsement .

8. **[Defendant's Proposed Language]** All individuals to whom Confidential Materials are disclosed shall return to counsel for Defendant or destroy all Confidential Materials in their possession immediately upon the termination of this litigation (including the resolution of any applicable appeals) or the termination of any related administrative proceedings before the Department of the Interior, whichever occurs later. In the event that an individual or entity to whom Confidential Materials are disclosed is no longer Plaintiff's representative, the individual or entity shall immediately return to counsel for Plaintiff all Confidential Materials in his or her possession. Individuals or entities returning or destroying Confidential Materials shall provide to Defendant's counsel certification in writing that the Confidential Materials have been returned or destroyed.

9. Until further order of this court, this Protective Order shall remain in full force and effect after the dismissal of the case.

IT IS SO ORDERED.

This ____ day of July, 2007.

_______________________________
Judge Emily C. Hewitt
United States Court of Federal Claims