IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-932L<br>Judge Emily C. Hewitt |

**PLAINTIFF'S COMMENTS REGARDING PROPOSED PROTECTIVE ORDER**

## I. INTRODUCTION

The proposed confidentiality order submitted to the Court by counsel for the parties is the product of a court-directed negotiation which began on May 30, 2007. Since the preliminary status conference on that date, and pursuant to the Court's May 30 and June 28 scheduling orders, counsel have exchanged several drafts of the proposed order, conferred by phone and met face-to-face in an effort to address and resolve their differences.

As counsel advised during a status call to the Court on June 28, the process has been productive. And additional progress has been made since then, leading to today's submission of a proposed protective order including a half dozen provisions with respect to which the parties have reached agreement.

The draft confidentiality order which the parties propose to be entered in this case is intended to govern the production of all assertedly "confidential" information to be provided in the course of pre-trial discovery (*see* paragraph 1). The proposed order defines the various categories of information warranting confidential treatment per RCFC 26(c)(7) (*see* paragraph 2); and it sets forth

the requirements for the designation and handling of any such produced material (*see* paragraphs 2-5 and 7).

While the parties' differences regarding such key provisions have been resolved, there remain ***two*** areas of disagreement necessitating the Court's intervention:

(1) The parties have been unable to reach agreement regarding Paragraph 6 – which sets forth procedures to be followed in the event of the parties' dispute concerning a particular "Confidentiality" designation. The proposed wording of paragraph 6 submitted by each side is set forth in the draft order filed with the Court earlier today. (*See* Exhibit "A" at pages 4-5.)

(2) Plaintiff opposes the inclusion of Paragraph 8 – which reflects Defendant's proposal for the protective order to require that any Produced Material designated as "Confidential" be returned to Defendant or destroyed upon the completion of the litigation. (*See* Exhibit "A" at page 6.)

As directed by the Court's June 28 scheduling order, Plaintiff submits the following comments with respect to each of these remaining areas of disagreement.

## II. PLAINTIFF'S POSITION REGARDING PARAGRAPH 6.

Both sides recognize the need for a provision in the confidentiality order establishing a procedure governing future challenges to Defendant's "confidentiality" designations once the protective order is in place and pre-trial discovery is underway. However, the parties have been unable to agree on how such a provision should operate.

Plaintiff's proposed paragraph 6 would require the United States, as the party seeking to maintain protection for the challenged item under RCFC 26(c), to take the necessary steps to demonstrate the propriety of its "Confidentiality" designation. It would require that Defendant move the Court for relief within eleven (11) days of being notified of Plaintiff's objection (and in

the event the parties thereafter are unable to resolve the matter by agreement). Defendant's failure to take such action in a timely manner would result in the loss of protection for the material in question.

In Plaintiff's view, such a procedure appropriately places the burden on the United States to take the prescribed action. It is the Defendant who will be permitted under this order to make "Confidentiality" designations without having to submit the documents in question to the Court beforehand for an *in camera* review and formal determination that "good cause" exists so as to justify such protection. (*See* paragraphs 2 and 3.) Thus, in the event of a dispute concerning over a particular "confidential" designation, it is eminently fair and reasonable for Defendant to be the party responsible for taking the steps necessary to try to affirm its challenged designation.

The procedure proposed by Plaintiff thus strikes the proper balance consistent with the "good cause" requirement of RCFC 26(c) and the presumption favoring unfettered access to discovery information. *See, e.g.*, *Wall Industries v. United States*, 5 Cl. Ct. 485, 488 (1985) (declining a party's request for Rule 26(c)(7) and declaring: "Unless compelling reasons obtain sufficient to withhold public access, it is clear beyond counsel that pre-trial discovery proceedings should be conducted in public."). So long as Defendant takes timely steps to seek the Court's intervention, the claimed protection for any such challenged material will remain in effect unless and until the Court determines that it does not satisfy the "for good cause shown" standard per the Court's rules.

In contrast, the version of paragraph 6 proposed by Defendant would improperly shift the burden of raising the issue with the Court to the Plaintiff. There is no justification for doing so. The Ak-Chin Indian Community should not be put to the burden and expense of having to request the Court's intervention when it is Defendant that is allowed to make "Confidentiality" designations in

the first instance without any judicial oversight or review but that is required by law to demonstrate "good cause" to legitimately claim protection under RCFC 26(c)(7) in the event of a subsequent challenge.

So too, the 30-day "waiting period" that Defendant's proposed paragraph 6 would seek to impose before the issue is even presented to the Court is objectionable as unreasonably lengthy. Inasmuch as Defendant should have carefully reviewed and analyzed the material in question before making the challenged "Confidential" designation, there is no valid reason to defer the Court's involvement for a full month. Eleven (11) days is ample time from the date of Plaintiff's notice for the parties to determine whether they will be able to resolve their disagreement over the confidential designation or will require the Court's assistance in doing so.

Plaintiff therefore urges that ***its*** proposed paragraph 6 be adopted in the confidentiality order to be entered in this case.

## III. PLAINTIFF'S POSITION REGARDING DEFENDANT'S PROPOSED PARAGRAPH 8

Plaintiff opposes the inclusion of Defendant's proposed paragraph 8, which would require the return or destruction of all assertedly confidential materials "immediately" upon the conclusion of the action. While such a provision may be justified in the typical civil suit where the claimant has no right of access to such confidential material aside from its discovery rights conferred under the Court's discovery rules, **this is *not* such a case**.

This litigation arises from the trust relationship which exists between the United States as trustee and the Ak-Chin Indian Community as its beneficiary. Thus, unlike the plaintiff in the typical case, Plaintiff-Beneficiary in this instance is entitled to receive "all information regarding the trust and its execution which may be useful to the beneficiary in protecting its rights." *White Mountain Apace Tribe of Arizona v. United States*, 26 Cl. Ct. 446, 448 (1992) (quoting G.T. Bogert,

*Trusts*, § 141, at 494 (6th ed. 1978); *see also Clifford v. United States*, 136 F.3d 144, 152 (D.C. Cir. 1998) (noting that a trust beneficiary is entitled to receive all "information necessary to protect his rights under the trust").

Accordingly, Plaintiff clearly has a right to retain such trust data after the litigation is concluded – whether or not the information is marked "Confidential" at the time of its production. After all, the trust records at issue are the property of the Plaintiff-Beneficiary. *See Wood v. Honeyman*, 169 P.2d 131, 162 (Or. 1946) (recognizing that "the records, documents and account books which a trustee procures so that he can perform his duty do not belong to him personally, but are parts of the trust estate"). As such, they should not be required to be returned to Defendant or disposed of when this litigation is concluded. And that applies with equal force to any such materials designated as "Confidential."

To be sure, those Trust records produced by the United States which contain "solely" Plaintiff's information are not to be marked as "Confidential" and thus would be exempted from paragraph 8's return/destruction requirement (*see* paragraph 2). However, many of the records critical to Plaintiff-Beneficiary undoubtedly will include information pertaining to other tribes as well – in which event, they may be designated as "Confidential" and subject to Defendant's proposed paragraph 8.[1]

There is ***no*** legitimate reason for imposing such a return/destruction provision over Ak-Chin's objection. The protection afforded "Confidential" materials under the order will continue in effect even after this case is over (*see* paragraph 9); and those persons given access to such

[1] Furthermore, in the event the parties agree to implement the "umbrella" approach to confidentiality reflected in paragraph 4, ***all*** Produced Material then would be marked and presumptively treated as "Confidential." In that event, even those records containing only Ak-Chin's information would be within the ambit of Defendant's proposed paragraph 8 and required to be returned/destroyed at the end of the case.

confidential materials will have signed an acknowledgment pledging to comply with the order's requirements (*see* paragraph 5.)

On the other hand, allowing Plaintiff to retain ***all*** such assertedly confidential materials may well serve an additional purpose – the protection of the Ak-Chin Indian Community against the further risk of loss or alteration of its vitally important trust data. Notwithstanding Defendant's repeated assurances that its retention policies have been improved, incidents involving the destruction of substantial quantities of trust records continue to occur.[2] Plaintiff therefore should be permitted to retain materials provided in this case which may help to safeguard its interests against the further loss/alteration of vital trust information. Defendant's proposed paragraph 8 would prevent this from happening – depriving the trust beneficiary of its own records without any justification.

**<u>CONCLUSION</u>**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter the confidentiality order submitted by the parties after resolving their remaining areas of disagreement by (1) adopting Plaintiff's proposed Paragraph 6 and (2) declining to include Defendant's proposed paragraph 8.

Plaintiff looks forward to addressing these issues at the hearing the Court has scheduled for July 18th at 11:00 a.m.

This 13th day of July, 2007.

---

[2] Indeed, earlier this week the United States notified the Court of a government contractor's destruction of 15 boxes of trust documents. *See* Defendant's July 10, 2007 "Notice of Filing" in *Pueblo of Laguna v. Untied States*, No. 02-24L (copy attached hereto as Exhibit A). An identical Notice was filed on the same date in *Jicarilla Apache Nation v United States*, No. 02-025L. This latest reported incident has prompted further discussion among counsel for the parties regarding whether Defendant was willing to stipulate to the entry of a document preservation order in this case. As of this submission, however, counsel for Defendant continues to oppose the entry of such an order.

Respectfully submitted,

/s/ Keith Harper

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858

*Attorneys for Plaintiff*
Ak-Chin Indian Community

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-932L<br>Judge Emily C. Hewitt |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Plaintiff's Comments Regarding Proposed Protective Order was served by delivering a copy thereof addressed to:

Laura M.L. Maroldy, Esq.
Trial Attorney
United States Department of Justice
Environmental and Natural Resources Division
P.O. Box 663
Washington, D.C., 20044-0633

by United States Mail, with sufficient postage paid.

This the 13th day of July, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858
*Attorneys for Plaintiff*
Ak-Chin Indian Community