IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE AK-CHIN INDIAN COMMUNITY,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 06-932L<br>Judge Emily C. Hewitt<br><br>**Electronically filed: July 13, 2007** |

DEFENDANT'S MEMORANDUM CONCERNING PROPOSED PROTECTIVE ORDER

Defendant, the United States, through its undersigned counsel and pursuant to this Court's June 28, 2007, Order (Dkt. No. 14), submits this memorandum regarding certain proposed provisions of the proposed Consent Protective Order ("the Protective Order") for the above-captioned action, which remain in dispute between the parties. The agreed-upon provisions of the proposed Agreement, and the parties' respective proposed provisions concerning the two aspects of the proposed Order still in dispute, were submitted to the Court by the parties, jointly, on the same date as this filing. (Proposed Protective Order Submitted By The Parties Per This Court's June 28 Scheduling Order, Dkt. No. 16.)

A. PROCEDURE REGARDING DISPUTED DESIGNATIONS

As noted in the parties' joint filing concerning the Protective Order, a dispute remains concerning the procedure to follow if and when Plaintiff disputes Defendant's designation of particular materials as confidential under the Protective Order. That disagreement is reflected in the parties' respective proposed paragraphs 6. Under Plaintiff's proposal, after Plaintiff notifies Defendant that it objects to the United States' designation of certain material as confidential or protected material, the United States would have to file a motion for a protective order within

eleven days. If for any reason the United States did not do so, the material at issue would automatically become unprotected, and could "be utilized by the parties free from the restrictions of [the] protective order." (Plaintiff's Proposed Paragraph 6). Defendant cannot agree to such a provision.

First, Plaintiff's proposed scheme directly contravenes the purpose of the Privacy Act and any protective order or confidentiality order entered to comply with the Act. It would mean that if, for any reason, the proposed eleven-day period passed without a motion being filed, material subject to the Privacy Act (for example), would lose its statutorily-protected status. It is unreasonable for the Court to force third parties, whose private information might thereby be made public, to bear such a risk. That is particularly true in a case in which it is reasonable to expect that tens of thousands of documents may be produced.

Moreover, Plaintiff's mere objection would impose on Defendant the obligation to file motions to protect the confidentiality of the documents at issue. The proper course, instead, is for Plaintiff to have to challenge the assertions of confidentiality and (if the issue cannot be resolved by the parties after Plaintiff's challenge), obtain a court order that either determines the material at issue not to be confidential or otherwise protected from disclosure, or permits or requires the United States to make some disclosure, consistent with the particular statutes or confidentiality interests at issue. *See, e.g., Laxalt v. McClatchy*, 809 F.2d 885, 887-888 (D.C. Cir. 1987)(noting that, under the Privacy Act, government agencies may release information about individuals only under certain circumstances).

In addition, the United States should not have to expend scarce resources to prepare and file motions to protect materials that it has an obligation to protect regardless of the existence of a protective order. Privacy Act material, for instance, may be disclosed *only* pursuant to a court

order (or under other circumstances not pertinent to this discussion). 5 U.S.C. § 552a(b)(11) (2004). A scheme whereby the material would lose its protected status by default unless the United States prepared and filed motions for protective orders not only imposes an undue burden on the United States, but also harms the interest of the individuals whose privacy interests the Act is designed to protect. The same applies to material that lies within the purview of the Trade Secrets Act; Indian Minerals Development Act; Archaeological Resources Protection Act; and National Historic Preservation Act Amendments of 1992: maintenance of these statutory protections for the material should not depend on whether the United States files a motion within eleven days after Plaintiff objects to Defendant's assertions of confidentiality.

In addition, the approach Plaintiff advocates would divert scarce resources from the merits of the case, and the identification, collection, and production of relevant documents, to collateral and unnecessary motions practice about whether specific individual documents are protected. In view of the litigants' and the Court's common interest in resolving Plaintiff's claims as efficiently as possible, an order that encourages undue focus on motions practice concerning the status of particular documents would not serve anyone well. Likewise, such an order may harm the interests of litigants in other cases pending before this Court, as the Court's already heavy docket would become clogged with various discovery-related motions in this case.

B. <u>RETURN OR DESTRUCTION OF CONFIDENTIAL MATERIALS</u>.

Another area in which the parties disagree concerns the return or destruction of confidential materials at the end of the case. The United States seeks to include in the proposed order a requirement that protected material be returned to counsel of record, or destroyed, after the case concludes. *See* paragraph 8 of the Agreement, Exhibit A to the Joint Motion For Protective Order (Dkt. No. 16). Plaintiff's counsel argue that Plaintiff should be allowed to retain

and use protected material even after the litigation concludes.

The provision requiring return or destruction of confidential material forms an essential part of the protections required under the Privacy Act, Trade Secrets Act, and the other statutes identified in the proposed Protective Order. Those statutes contemplate that disclosures of the subject material will be limited to those circumstances specifically delineated in the statutes. Such circumstances include, in the case of the Privacy Act, disclosure pursuant to court order (5 U.S.C. § 552a(b)(11)(2004)), but that does not mean protected material, disclosed for the litigation pursuant to a protective order, should be allowed to remain in counsel's or Plaintiff's possession indefinitely after the case is over. As a practical matter, it is unrealistic to rely on a court order to protect confidential information indefinitely unless the documents are returned or destroyed after the litigation concludes. Such indefinite retention and use of the materials would contravene the purpose of the statutes at issue – maintaining the confidentiality of personal, sensitive, or proprietary information. As time passes, and the number of persons with access to the protected material increases, it is likely that perception of the protective order's importance, and even knowledge of its existence, will recede or disappear, resulting in compromises of the confidentiality of the information.[1/] That is particularly true where, as in this case, it is likely that voluminous protected documents will be disclosed during the litigation. For all of these reasons, any order permitting release of confidential material (including but not limited to Privacy Act or Trade Secrets Act material) should require that it be returned or destroyed when the litigation ends.

---

[1/] *See, e.g., Williams v. Taser Int'l.,* No. 06-0051, 2006 U.S. DIST. WL 1835437, at *2-3 (N.D. Ga. June 30, 2006)(declining to allow plaintiffs to retain confidential documents after the conclusion of the litigation, or to share them with other attorneys or experts involved in litigation against defendant).

Date: July 13, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/Laura M.L.Maroldy*_______________
LAURA M.L. MAROLDY
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Phone: (202) 514-4565
Fax: (202) 353-2021
E-mail: **laura.maroldy@usdoj.gov**

Attorney of Record for Defendant

OF COUNSEL:

MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

ELISABETH BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C.

RACHEL HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227