IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AK-CHIN INDIAN COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-0932L-ECH |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | **Electronically filed August 6, 2007** |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 1500

RONALD J. TENPAS
ACTING ASSISTANT ATTORNEY GENERAL

Laura M.L. Maroldy
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 514-4565
Fax: (202) 353-2021

Attorneys for Defendant

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. Applicable Legal Standards. . . . . . . . . . . . . . . . . . . . . . 5

B. Plaintiff's Complaint Should be Dismissed Pursuant to 28 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . . . 5

1. Plaintiff's District Court Complaint was Pending When it Filed its Complaint in this Court . . . . . . . . . . 7

2. Plaintiff's District Court and CFC Complaints Are Based on the Same Operative Facts . . . . . . . . . . . 13

a. The District Court Complaint . . . . . . . . . . . 13

b. The Court of Federal Claims Complaint . . . . . 15

3. The District Court and CFC Complaints Contain Substantially Overlapping Claims for Monetary Relief . . 17

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

## FEDERAL CASES


*Breneman v. United States,* 57 Fed. Cl. 571 (1988) . . . . . . . . . . . . . . . . . 7, 8, 10

*British Am. Tobacco Co. v. United States,* 89 Ct. Cl. 438 (1939) . . . . . . . . . . . 7, 19

*Dico, Inc. v. United States,* 48 F.3d 1199 (Fed. Cir. 1995) . . . . . . . . . . . . . . . 9

*Eastport S.S. Corp. v. United States,* 372 F.2d 1002 (Ct. Cl. 1967) . . . . . . . . . . 18

*Firebaugh Canal Water Dist. V. United States,* 70 Fed. Cl. 593 (2006) . . . . . . . . 5

*Forsgren v. United States,* 73 Fed. Cl. 135 (2006) . . . . . . . . . . . . . . . . . . 11, 18

*Harbuck v. United States,* 378 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . . . . . *passim*

*Johns-Manville Corp. v. United States,* 855 F.2d 1556 (Fed. Cir. 1988) . . . . . . . . 7, 19

*Keene Corp. v. United States,* 508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . 7, 13

*Los Angeles Shipbuilding & Drydock Corp. v. United States,* 152 F.Supp. 236 (Ct. Cl. 1957) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545 (Fed. Cir. 1994) . . . . . . 6, 13

*Maher v. United States,* 314 F.3d 600 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . 5

*Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746 (Fed. Cir. 1988) . . . . . 7, 13

*Snyder v. United States,* 63 Fed. Cl. 762 (2005) . . . . . . . . . . . . . . . . . . . . . 5

*Toxgon Corp. v. BNFL, Inc.,* 312 F.3d 1379 (Fed. Cir. 2002) . . . . . . . . . . . . . 5

*United States v. County of Cook, Ill.,* 170 F.3d 1084 (Fed. Cir. 1999) . . . . . . . . . 8

*United States v. Phillip Morris, Inc.,* 116 F.Supp. 2d 131 (D.D.C. 2000) . . . . . . . 18

*UNR Indus. v. United States,* 962 F.2d 1013 (Fed. Cir. 1992) . . . . . . . . . . . . . . 6, 9

*Wilson v. United States,* 32 Fed. Cl. 794 (1995) . . . . . . . . . . . . . . . . . . . . . 5

## PENDING CASES

*Ak-Chin Indian Community v. Kempthorne,* No. 06-cv-02245 (D.D.C. Dec. 29, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 12

*Passamaquoddy Tribe of Maine v. Kempthorne,* No. 06-cv-02240 (D.D.C. Dec. 29, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12

*Salt River Pima-Maricopa Indian Community v. Kempthorne,* No. 06-cv-02241 (D.D.C. Dec. 29, 2006) . . . . . . . . . . . . . . . . . . . 3, 12

*Tohono O'odham v. Kempthorne,* No. 06-cv-02236 (D.D.C. Dec. 28, 2006) . . . . 12

## FEDERAL STATUTES AND RULES

Fed. Rule Civ. P. 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. Rule Civ. P. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

RCFC 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

28 U.S.C. § 1631 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## OTHER AUTHORITIES

*Black's Law Dictionary* (7th ed. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Restatement (First) of Restitution,* § 4(f) (1937) . . . . . . . . . . . . . . . . . . . . . . 13

## DEFENDANT'S MOTION TO DISMISS

Pursuant to RCFC 12(b)(1), Defendant United States, moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1500. As set forth in the following memorandum, it is a well-established rule of law that the United States cannot be compelled to defend a suit brought in this Court when the same claim is pending in another court. At bottom, the Complaint filed in the United States District Court on December 29, 2006, demands the same monetary relief related to the Defendant's management and administration of Plaintiff's trust funds and assets that is requested by Plaintiff in its December 29, 2006, Complaint filed in this Court. The two Complaints seek overlapping relief based on substantially identical facts. Congress has expressly declined to provide this Court with jurisdiction to entertain a case containing claims that duplicate those in a pending case and therefore 28 U.S.C. § 1500 requires this Court to dismiss this case.

## MEMORANDUM OF LAW

### I. FACTUAL BACKGROUND

On December 29, 2006, Plaintiff filed a complaint in the United States District Court for the District of Columbia (the "District Court Complaint") against the Secretaries of the Interior and the Treasury, as well as against the Special Trustee for American Indians (the "Government"). *See* District Court Complaint attached as Exhibit 1 hereto. The District Court Complaint seeks declaratory, injunctive and monetary relief based upon the Government's alleged breach of fiduciary duties with respect to its management of the Plaintiff's trust property (trust assets, funds and lands). *See* District Court Complaint ¶¶ 1, 4, 19-44. In Count One of the District Court Complaint, Plaintiff seeks a declaration that the Government is in breach of fiduciary duties owed to Plaintiff by "failing to provide the Community with a complete, accurate, and adequate accounting of the

Community's trust assets as required by law." *See* District Court Complaint ¶ 38; *also see* ¶¶ 34-37. In Count Two of the District Court Complaint, Plaintiff seeks injunctive and monetary relief. Specifically, Plaintiff demands an injunction ordering the Government to "provide a complete, accurate, and adequate accounting of the Community's trust assets. . ." *Id.* at ¶ 42. Moreover, Plaintiff demands equitable *monetary* relief in the form of a "restatement of [its] trust fund balances in conformity with the ultimate and complete accounting, and to any additional equitable relief that may be appropriate (e.g., disgorgement, equitable restitution, or an injunction directing the trustee to take action against third parties)." *Id.* at ¶ 43; *see also* Prayer for Relief ¶¶ 5-6.

On December 29, 2006, Plaintiff filed the complaint in this case with this Court (the "CFC Complaint") (Docket # 1). As with the District Court Complaint, the CFC Complaint alleges that the "United States, as trustee, has never provided the Community a complete and accurate accounting of the revenue the United States collected or was required to collect. . ." *See* CFC Complaint at ¶ 27; *also see* ¶ 37. Moreover, Plaintiff asserts that it is entitled to a monetary award against Defendant based on the purported breach of fiduciary duties related to its mismanagement of the Community's "tribal trust land," natural resources, and management of judgment and tribal funds. *See Id.* ¶¶ 1, 9-19, 22-39. Plaintiff specifically requests that this Court make a "determination that the Defendant is liable to the Ak-Chin Indian Community in damages for the injuries and losses caused as a result of Defendant's breaches of fiduciary duty." *See Id.* Prayer for Relief ¶ 1.

The District Court action was filed on December 29, 2006, as was the CFC action. In addition, as explained *infra*, it appears that the District Court action was filed earlier in the day than the Court of Federal Claims action. The District Court assigns case numbers to new actions in the

order in which those actions are filed. *See, e.g.*, Plaintiff's Responses And Objections To Defendant's First Set Of Interrogatories (hereinafter, "Plaintiff's Responses To Interrogatories"), Response to Interrogatory No. 11, at 12. (A copy of Plaintiff's Responses To Interrogatories is attached hereto as Exhibit 2.) The District Court's docket for Friday, December 29, 2006, shows that *Passamaquoddy Tribe of Maine v. Kempthorne*, Civil Action No. 06-cv-02240, one of three lawsuits filed by Plaintiff's counsel in the District Court on December 29, was the first case filed in the District Court that day. *See* Court's Docket, Ex. 3. The second case filed in the District Court on December 29 was *Salt River Pima-Maricopa Indian Community v. Kempthorne*, Civil Action No. 06-cv-02241, also filed by Plaintiff's counsel. Ex. 3. The Ak-Chin case, *Ak-Chin Indian Community v. Kempthorne,* Case No. 06-cv-02245, was the sixth case filed in the District Court on December 29. Ex. 3. The same individual, paralegal Alexis Applegate, filed all of those Complaints. (Ex. 2, Plaintiff's Responses To Interrogatories, Response No. 11, at 11.) Twenty-six additional cases were filed in the District Court that day, after the Ak-Chin Complaint was filed. Ex. 3.

Documents produced by Plaintiff show that at 8:59 a.m. on December 29, 2006, counsel of record Keith Harper told his colleague Ms. Applegate, that changes needed to be made to all the Court of Federal Claims Complaints while she filed the District Court Complaints. (AKCHIN00218, attached hereto as Exhibit 4: "Alexis, REDACTED in all the CFC Complaints. So we will have to run those copies again while you file the DDC."[1])

Plaintiff's documents and answers to interrogatories show that at 11:41 a.m. on December

[1] *See also* Ex. 2, at 13.

29, Justin Guilder, a lawyer at the Kilpatrick Stockton firm, sent Edward Roybal, a lawyer with a Tuscon, Arizona, firm representing Ak-Chin, an e-mail "requesting information to be included in the Complaint filed in this [Court of Federal Claims] action." (*See* Ex. 2, Plaintiff's Responses To Interrogatories, Response No. 8, at 10; and e-mails bearing document production numbers AKCHIN00114 and AKCHIN00130, which are attached hereto as Exhibits 5 and 6, respectively.). As Plaintiff admits, that email "evidences that the instant [Court of Federal Claims] action had not been filed as of 11:41 a.m." on December 29, 2006. (*See* Ex. 2, Plaintiff's Responses To Interrogatories, Response No. 8, at 10.)

Taxi cab receipts for the trip Ms. Applegate took to and from the District Court on December 29, 2006, to file Plaintiff's District Court Complaints, bear the handwritten notation "a.m." right under the date, showing that Ms. Applegate made those trips in the morning.[2] (Photocopies of the taxi cab receipts, bearing document production number AKCHIN00031, are attached hereto as Exhibit 7.) At 12:41 p.m., in response to an e-mail query from William Austin, Esquire, Ms. Applegate sent Mr. Austin an e-mail stating that the complaints had been filed and that she was awaiting the summonses. (A photocopy of the e-mail, bearing document production number AKCHIN00205, is attached hereto as Exhibit 9.)

By 3:14 p.m. on December 29, 2006, the same date that the Ak-Chin Complaint was filed in the District Court and the summonses issued, a summons, and a copy of the District Court Complaint and related papers had been served on the Secretary of the Interior, at 1849 C Street, N.W. and on Ross O. Swimmer. (Photocopies of the affidavits of service, bearing document

---

[2]There is an additional set of taxi cab receipts for December 29, 2006, bearing the handwritten notation, "2d trip." AKCHIN00032, Ex. 8.

production numbers AKCHIN00015 and AKCHIN00011, respectively, are attached hereto collectively as Exhibit 10.).

## II. ARGUMENT

### A. APPLICABLE LEGAL STANDARDS

The determination of whether this Court has subject matter jurisdiction to hear Plaintiff's claims is a question of law. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002) ("the existence of subject matter jurisdiction is a question of law"); *Maher v. United States*, 314 F.3d 600, 603 (Fed. Cir. 2002) (noting that the Federal Circuit reviews *de novo* whether the Court of Federal Claims possessed jurisdiction because this is a question of law). Dismissal is appropriate under RCFC 12(b)(1) where the Court of Federal Claims lacks jurisdiction under 28 U.S.C. § 1500. *See, e.g., Snyder v. United States*, 63 Fed. Cl. 762 (2005) (granting government's motion to dismiss pursuant to 12(b)(1) for lack of jurisdiction under 28 U.S.C. § 1500 and pursuant to RCFC 17(a)); *Wilson v. United States*, 32 Fed. Cl. 794 (1995) (granting government's motion to dismiss pursuant to 12(b)(1) or 12(b)(4) for lack of jurisdiction under 28 U.S.C. § 1500); *Firebaugh Canal Water Dist. v. United States*, 70 Fed. Cl. 593 (2006) (granting government's motion to dismiss pursuant to 12(b)(1) for lack of jurisdiction under 28 U.S.C. § 1500).

### B. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. § 1500

When this case was filed in this Court on December 29, 2006, Plaintiff already had a pending case in the District Court. *See* Exhibit 3. The claims against Defendant in this case and the District Court case arise out of the same operative facts and, in both cases, Plaintiff is seeking monetary relief from the Defendant. Plaintiff's earlier filing of its district court case operates to divest this Court of jurisdiction under 28 U.S.C. § 1500, and, as a result, this case must be

dismissed for lack of jurisdiction.

Section 1500 of Title 28 provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. The purpose of the statute is to "force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court" and to prevent the United States from having to litigate and defend against the same claim in both courts. *UNR Indus. v. United States,* 962 F.2d 1013, 1018, 1021 (Fed. Cir. 1992).

Section 1500 forbids a plaintiff from filing in this Court a claim against the United States that is already pending in another court. The Federal Circuit has held that a claim is pending in another court if it was filed earlier, or simultaneous with, the claim asserted in the Court of Federal Claims. *See Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). Analyzing whether claims are the same or distinctively different "requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit." *Id.* at 1329 (quoting *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1549 (Fed. Cir. 1994)). Such a comparison involves evaluating the Complaints filed in each Court. *See Loveladies*, 27 F.3d at 1553-54 (comparing district court and CFC complaints). Thus "[f]or the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief . . . [A] showing that the two claims arose from the same 'operative facts' is necessary, but not sufficient, to preclude the Court of Federal Claims from hearing a case. To come within the proscription of § 1500, the claims must also seek the same relief." *Loveladies*, 27 F.3d at

1551-52 (emphases omitted).

This Court has consistently defined the term "claim" for purposes of a Section 1500 analysis to turn on operative facts, rather than legal theories. *See British Am. Tobacco Co. v. United States*, 89 Ct. Cl. 438, 440 (1939); *Los Angeles Shipbuilding & Drydock Corp. v. United States*, 152 F.Supp. 236, 238 (Ct. Cl. 1957); *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1562 (Fed. Cir. 1988). Further, the operative facts pleaded need not be identical. 855 F.2d at 1562-63. It is sufficient that they are substantially the same. *See Keene Corp. v. United States*, 508 U.S. 200, 212-14 (1993).

Just as the operative facts need not be identical for a claim to be the same, neither does the relief sought. *Harbuck*, 378 F.3d at 1329. It is enough that there is some overlap in the relief requested. *Id.*

The Court should dismiss this case because the three essential elements for Section 1500 dismissal are present: (1) the District Court case was pending when the Complaint was filed in this Court; (2) the two Complaints involve similar operative facts; and (3) Plaintiff is seeking overlapping monetary relief in both courts.

**1. Plaintiff's District Court Complaint was Pending When it Filed its Complaint in this Court**

Plaintiff bears the burden of establishing jurisdiction, *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988), which burden includes, in the context of 28 U.S.C. § 1500, establishing that the District Court case was not pending at the time Plaintiff filed its Complaint in this Court. For the purpose of a Section 1500 analysis, Plaintiffs' District Court Complaint was pending when the CFC Complaint was filed.

First, although Defendant recognizes that this Court ruled otherwise in *Breneman v. United*

*States,* 57 Fed. Cl. 571 (Fed. Cl. 2003), an action in another court should be deemed "pending" if it was filed on the same day as a complaint in this court. *See, e.g., Harbuck v. United States, supra,* 378 F.3d at 1328 (Fed. Cir. 2004). As the Federal Circuit held in *Harbuck, supra,* [T]he 'filing' of the same claim simultaneously in the district court and the Court of Federal Claims by operation of § 1631 deprives the latter court of jurisdiction pursuant to § 1500." *Harbuck,* 378 F.3d at 1091, quoting *United States v. County of Cook, Ill.,* 170 F.3d 1084, 1087-89 (Fed. Cir. 1999). Section 1631 provides that, if the conditions set forth in that statute are met,

> the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

Considered in view of the purpose of § 1500 – to avoid forcing the United States to defend two cases concerning the same operative facts in two different fora – there is no reason to treat a same-day filing accomplished by delivery to the Clerk of a new Complaint differently from a transfer of an action pursuant to 28 U.S.C. § 1631. A same-day filing in a federal district court, like a transferred action or appeal, should be considered already "pending" for the purpose of 28 U.S.C. § 1500, and should operate to divest this Court of jurisdiction to entertain any CFC action filed the same day.

In summary, filings are "simultaneous" if they are filed the same day, regardless at what time each was filed; and therefore a same-day District Court action is deemed to have been "pending" at the time the Court of Federal Claims action was filed. This "same day filing" rule makes sense because the purpose of § 1500 is to make a plaintiff elect in which forum to proceed so

the United States does not have to defend the same claim in two courts at the same time. *See, e.g., UNR Indus. v. United States, supra,* 962 F.2d at 1018 and 1021; *Harbuck v. United States, supra,* 328 F.3d at 1328. Consistent with that statutory purpose, the focus of the § 1500 enquiry in this case, where both actions were filed on the same day, should be on whether the claims and operative facts are the same, not on the precise time of day of the respective filings.

The "same day filing" rule makes sense also because, as the PACER docket sheets for this matter show, federal courts record the filing of pleadings and other documents by date only. *See* Ex. 11 (PACER Docket Sheet for *Ak-Chin Indian Community v. Kempthorne,* Case No. 06-cv-02245 (D.D.C.)) and Ex. 12 (PACER Docket Sheet for this action.). The date-stamp used by the Clerk's Office in the District of Columbia notes only the date, but not the time of filing. *See* Ex. 1. The Court of Federal Claims does not "time-stamp" documents filed in the Clerk's Office, as the record here reflects. (A photocopy of the first page of the Complaint in this case, bearing the Court's date-stamp, is attached hereto as Exhibit 13.)

The application of § 1500 should be consistent with the record-keeping practices of the federal courts. Otherwise, federal courts would be required to change their record-keeping structure or evidentiary hearings would be required on all § 1500 questions to ascertain, by written or oral testimony and the presentation of other evidence, the precise timing of same day filings. Either way, an approach whereby the precise time of day two filings were made determines whether or not § 1500 bars one of them, would unnecessarily complicate what should be a relatively straightforward comparison of the two complaints in question. *See Dico, Inc. v. United States*, 48 F.3d 1199, 1203 (Fed. Cir. 1995) (noting that the application of § 1500 is based on the well-pled allegations in the complaints). Moreover, adopting an approach that allows litigants to avoid the

clearly stated purposes of § 1500 by orchestrating the timing of their complaints so that the district court action is not deemed "pending" although it was filed the same day as the action in this court, would undermine the statute's purpose.[3/]

Although the United States maintains that the question of which of two filings was filed first on the same day does not matter for the purpose of § 1500, the evidence shows that Plaintiff has not met its burden to establish that it filed the Court of Federal Claims action on December 29 before it filed the District Court action that same day. Accordingly, even under the rule this Court enunciated in *Breneman v. United States* (with which Defendant disagrees), Plaintiff's District Court action was pending when it filed its claim in this Court.

As the United States noted above, the District Court's docket indicates that the Ak-Chin Complaint was just the sixth Complaint filed in that Court on Friday, December 29, out of a total of thirty-six Complaints filed throughout the day. The docket also shows that a Complaint filed by Plaintiff's counsel for another litigant, the Passamaquoddy Tribe of Maine, was the very first case filed that day. Furthermore, the second Complaint filed in the District Court on December 29 was also filed by Plaintiff's counsel (for the Salt River Pima-Maricopa Indian Community). Plaintiff's discovery responses show that paralegal Alexis Applegate filed all of those Complaints. (*See* Ex.1, Plaintiff's Responses To Interrogatories, No. 11, at 11-12.) In addition, taxi cab receipts produced

---

[3/] On this last point, it should be noted that a plaintiff already can easily avoid § 1500 by simply filing its Court of Federal Claims complaint on one day, and then filing its federal district court complaint on a later day. Although a plaintiff who elects this course still must face the possibility that claims filed in the federal district court may be transferred to this court, or the possibility that the United States may seek a stay of the claims filed in this court pending final resolution of the district court case, it is not difficult for a plaintiff to avoid the dismissal mandated by § 1500. The fact that § 1500 can easily be avoided by plaintiffs constitutes yet another reason why the court should reject Plaintiff's arguments in this case.

by Plaintiff show that Ms. Applegate traveled to the District Court (and back to Plaintiff's counsel's firm) in the morning of December 29. That is consistent with the e-mails produced by Plaintiff's counsel, which show that counsel of record told Ms. Applegate he had to make changes to the Ak-Chin CFC Complaint while she filed the District Court Complaints; and that attorney Justin Guilder was still gathering information needed for the Ak-Chin Court of Federal Claims Complaint at 11:41 a.m. *See* Exs. 4 and 5; and Ex. 2, Plaintiff's Responses To Interrogatories, No. 8, at 10. That evidence indicates that the District Court Complaint was filed in the morning, while the CFC Complaint was not completed until some time after 11:41 a.m. – *i.e.*, after the morning was over.

Plaintiff's claim, in its written responses to discovery, that although Ms. Applegate "left" the Complaint and other papers with the Clerk on her initial trip to the District Court to file it, she did not "complete the filing" until after the CFC Complaint was filed is unpersuasive. There was no reason to leave the Complaint with the Clerk of the Court, if not to file it. Furthermore, on Ms. Applegate's return trip to the Court sometime after 12:41 p.m., she "retrieved the file-stamped copy" of the Complaint, *i.e.*, a copy showing it had already been filed.[4] Consistent with Fed. Rule Civ. P. 3 and 4, a civil action commences with the filing of a Complaint, and nothing more is required for the purpose of the § 1500 analysis of whether an action was "pending" on the date another was filed. *See, e.g.*, *Forsgren v. United States*, 73 Fed. Cl. 135, 140-41 (2006)(rejecting a claim, made in response to a motion to dismiss under 28 U.S.C. § 1500, that the district court filing at issue was not "consummated"). A court's not issuing summonses immediately upon the filing of a Complaint is not an unusual circumstance. More importantly, it does not alter the time the complaint is deemed filed, nor render the filing "incomplete." The fact that Ms. Applegate did not receive the summonses

and file-stamped copies until her second trip to the District Court on December 29 has no relevance to the question of when the District Court Complaint was filed for the purpose of § 1500.

In its discovery responses, Plaintiff claims that its counsel orally countermanded his 8:59 a.m. instruction (contained in an e-mail message), that the District Court complaints were to be filed while he made changes to the Court of Federal Claims Complaint. Plaintiff also claims that Ms. Applegate is "certain" she filed the Court of Federal Claims Complaint in this case (and in the *Passamaquoddy*, *Salt River*, and *Tohono O'odham* cases) before filing the Ak-Chin District Court Complaint. But these generalized, retrospective assertions make the evidence ambivalent, at the very most – they are inadequate to carry Plaintiff's burden to show the District Court action filed by Plaintiff on December 29 was not pending at the time the Court of Federal Claims action was filed, in light of the contrary evidence summarized above. This is all the more true when the District Court's docket shows the Complaint at issue was among the first six Complaints to be filed (and to be issued a case number) in the District Court on December 29; two of the other five filings (filed by the same firm) were the Court's first two filings of the day; and the same individual filed all of those Complaints.[5]

Moreover, Defendant notes that the difficulty of establishing which Complaint was filed first, when both are filed on the same day, underscores the awkwardness and artificiality of a regime that makes the § 1500 enquiry turn on the time of day a case was filed, particularly when neither this court's nor other federal courts' filing systems routinely record or document that information.

For all of these reasons, this Court should conclude that the District Court action was already

---

[5] *Passamaquoddy v. Kempthorne,* No. 06-02240, and *Salt River Pima-Maricopa Indian Community v. Kempthorne,* No. 06-cv-02241. The DDC Complaint in *Tohono O'Odham v. Kempthorne,* No. 06-cv-02236, was filed one day earlier, December 28, 2006.

pending when the above-captioned action was filed in this Court. Moreover, there can be no question that Plaintiff failed to carry its burden to show otherwise, as it must do to establish jurisdiction over its claims in this Court. *E.g., Reynolds, supra,* 846 F.2d at 748.

**2. Plaintiff's District Court and CFC Complaints are Based on the Same Operative Facts**

A comparative reading of the District Court and CFC Complaints confirms that they are based on substantially the same facts. *See Loveladies*, 27 F.3d at 1551-52; *see also Keene Corp. v. United States*, 508 U.S. 200, 212-14 (1993). Both complaints use essentially identical factual allegations, namely, that the United States, as trustee, breached fiduciary duties owed to Plaintiff by allegedly failing to properly manage Tribal trust funds and assets. *Compare* District Court Complaint ¶¶ 1-4, 12-31 *with* CFC Complaint ¶¶ 1, 12-38. Moreover, Plaintiff cites to identical provisions of law in support of its contention that the United States breached fiduciary duties owed to the Plaintiff. *Compare* District Court Complaint ¶ 16, *with* CFC Complaint ¶ 18. Consequently, the facts underlying these allegations are likely to be substantially the same in both cases.

a. <u>The District Court Complaint</u>

In particular, in seeking an accounting in District Court, Plaintiff requests judicial review of the Government's past actions related to its management of (1) Plaintiff's tribal trust lands, associated resources and income derived therefrom; and (2) other assets held in trust by the Government for the Plaintiff's benefit in the form of monies derived from judgments entered by federal courts on various claims brought by Plaintiff against the Government. *See* District Court Complaint ¶¶ 2-4, 13, 14. Moreover, Plaintiff seeks review of the Government's contemporaneous record-keeping, or accounting of those actions. *See id.* ¶¶ 4(b), (e); 20(a), (b); 33-39. In the District Court Complaint, Plaintiff alleges that:

> Tribal lands, associated resources, and the income derived therefrom constitute a substantial portion of the assets held by the United States in trust for the Community's benefit. Title to the land constituting the Community's reservation is held in trust by the United States, with the Community as the beneficial owner of the land and associated natural resources. Income is derived from, *inter alia,* the sale of these natural resources and the conveyance of certain interests in the Community's tribal trust land, including leases, easements, and rights of way. These assets and the income they produce form the core of the Community's tribal trust assets.

*Id.,* ¶ 13.

Among others, the breaches alleged by Plaintiff relating to the Government's management of tribal lands, associated resources and judgment monies include: (1) failure to provide and unconscionably delaying the performance of a complete, accurate and adequate accounting of trust property; (2) the failure to maintain adequate books and records with respect to the trust property, including but not limited to, records of leases and other contractual arrangements giving rise to income from the trust property and records of investments of tribal trust assets; (3) the failure to take reasonable steps to preserve and protect trust property; (4) the failure to use reasonable skill and care to invest and deposit trust funds in such a way as to maximize the productivity of trust property within the constraints of law and prudence; and (5) the failure to ensure that trust assets are used for their highest and best use. District Court Complaint ¶ 20.

Plaintiff contends that these breaches of fiduciary duties have limited its ability to know, or ascertain (1) the true state of its trust assets, including funds and related accounts holding such funds; (2) what amounts should have been credited to it and deposited into its accounts; (3) what amounts it should have been paid; (4) how much of its property has been diverted or converted to other uses; (5) to what extent the United States failed to maximize profits; or (6) whether the United States has attained fair market value for leases and sale of trust assets. District Court

Complaint ¶ 21. Plaintiff alleges that the accounting that it receives in the District Court will illuminate the true state of its tribal trust assets and verify the accuracy of balances in its tribal trust fund accounts. *See* District Court Complaint, ¶¶ 1, 4 (f), 21, 34, 42-43.

b. The Court of Federal Claims Complaint

Much like in the District Court action, in the Court of Federal Claims Complaint in this case, Plaintiff demands judicial review of the Government's past action related to its management of (1) Plaintiff's tribal trust lands, associated resources and income derived therefrom; and (2) other assets held in trust by the United States for Plaintiff's benefit in the form of monies derived from judgments entered by federal courts on various claims brought by Plaintiff against the United States. *See* CFC Complaint ¶¶ 1, 15-17, 25-45.

As with the District Court Complaint, Plaintiff asserts that the assets and income produced from tribal lands and associated natural resources "form the core of the Community's tribal trust assets." *Compare* CFC Complaint ¶¶ 15-16 *with* District Court Complaint ¶ 13. Plaintiff specifically challenges the adequacy of the compensation that it received from leases and permits for interests in natural resources, asserting that the Defendant failed to achieve "fair market value" for the use of the Community's natural resources. *Compare* CFC Complaint ¶ 28, *with* District Court Complaint ¶ 21. Plaintiff makes similar assertions with respect to the Defendant's management of non-mineral leases and agreements for interests in land such as easements, rights of way, and land and building leases. *Compare* CFC Complaint ¶ 28, *with* District Court Complaint ¶ 21. With respect to Defendant's management of other assets such as judgment and tribal fund monies, Plaintiff asserts that Defendant failed timely to invest said monies and failed to obtain the maximum investment returns possible. *Compare* CFC Complaint ¶¶ 31-33 and 38 *with* District

Court Complaint ¶¶ 4 (c) and (e), 14, 19, 20-21.

While the District Court Complaint anticipates that the accounting sought by Plaintiff in the District Court will provide the factual predicate for the alleged breach of fiduciary duties committed by the Federal Defendants, the CFC Complaint anticipates achieving the same result by way of an evidentiary hearing, in connection with Plaintiff's claims for money damages. *See* CFC Complaint ¶¶ 29, 34, and 39 (alleging Plaintiff's entitlement to damages "in an amount to be proven at trial"). Nevertheless, with respect to Plaintiff's natural resource trust asset claims and its non-natural-resource trust asset claims alike, the same operative facts underlie both the District Court and CFC Complaints. Examples of those common operative facts include what funds were collected and deposited, and whether those collections and deposits of funds or proceeds were in an appropriate amount. Plaintiff's District Court Complaint contains allegations that uncollected or undercollected receipts ("what amounts should have been credited to the Community and deposited in these accounts" (District Court Complaint ¶ 21)) are among the facts that must be addressed in the "full and complete accounting" that Plaintiff seeks in the District Court. Meanwhile, in the instant CFC action, the same operative facts are at issue. For example, in ¶ 27 of the CFC Complaint, Plaintiff alleges that "[t]he United States, as trustee, has never provided the Ak-Chin Indian Community a complete and accurate accounting of the revenue the United States collected or was required to collect, by reason of such agreements, leases, and permits which it is required to maintain as a trustee" and they claim they are entitled to damages for such alleged mismanagement. *Id.* ¶ 28. The operative facts underlying both Plaintiff's accounting and damages claims are the same – namely, what funds were collected and deposited and when. Similarly, with respect to Plaintiff's judgment and trust funds claims, the same operative facts –

how the trust funds were appropriated, how and when they were invested, and the resources from which the Tribe received consideration – underlie both the District Court and CFC cases. Thus, for the purpose of an analysis under 28 U.S.C. § 1500, both the District Court and CFC Complaints arise from the same operative facts.

### 3. The District Court and CFC Complaints Contain Substantially Overlapping Claims for Monetary Relief

The Complaints in the District Court and in the CFC cases each seek an initial judicial determination as to the nature and scope of the Defendant's fiduciary duties pertaining to the management and administration of its trust assets. *Compare* District Court Complaint ¶¶ 1, 4, 19-31, 38-39, Prayer for Relief ¶¶ 1, 4, 6, *with* CFC Complaint ¶¶ 1, 22-39, Prayer for Relief ¶ 1. Also, the Complaints seek *monetary* relief against the Defendant arising from the same breach that Plaintiff hopes the courts will find. Under such circumstances, Section 1500 automatically divests this Court of jurisdiction where a Plaintiff has overlapping claims of this nature in more than one forum. *See Harbuck*, 378 F.3d at 1329.

Despite its assertions to the contrary, in the District Court action, Plaintiff requests more than an order for a simple equitable accounting. There, Plaintiff contends that the true balances of its trust accounts are inaccurate and, in addition to seeking a restatement of account balances, Plaintiff wants the Court to find other alleged breaches of trust, and to order payment of money in the form of "disgorgement" and "equitable restitution." *See, e.g.*, District Court Complaint ¶¶ 19, 20, 43, and 44. Tellingly, some of the specific breaches alleged by Plaintiff include the failure to "maximize the productivity of trust property" and to "ensure that trust assets are used for their highest and best use." *See Id.* ¶ 20 (f) and (g). Plaintiff asks the District Court to first define the scope of the Defendants' fiduciary duties related to the management and administration of its trust

assets and subsequently to declare Defendants to be in breach of said duties. *See Id.* ¶¶ 1,4, 19-44, Prayer for Relief ¶¶ 1, 2, 4. Once armed with the District Court's declaration, the accounting will commence, and, Plaintiff hopes, ultimately culminate with an order from the District Court restating Plaintiff's trust fund account balances and/or awarding equitable restitution or disgorgement against the Government. *See Id.* ¶¶ 33-43, Prayer for Relief ¶¶ 5-6. Restitution is a remedy that may come in the form of "a judgment at law or decree in equity for the payment of money, directly or by way of set-off or counterclaim" among other things. *See Restatement (First) of Restitution*, § 4(f) (1937). Disgorgement is defined as the "act of giving up something (such as profits illegally obtained) on demand or by legal compulsion." *Black's Law Dictionary* (7th ed. 1999); *see also United States v. Phillip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).[6]

The request for monetary relief Plaintiff asserts in this forum to redress what it contends are gross breaches of trust related to the management and administration of Plaintiff's trust property is already pending against the United States in the District Court. *Compare* CFC Complaint, ¶¶ 1, 29, 34, and 39 *with* District Court Complaint, Prayer for Relief, ¶ 6. The District Court claims for a restatement of trust fund account balances by way of restitution and/or disgorgement, in essence, seek a return to Plaintiff of the money that it contends is improperly possessed by the Government – the same result Plaintiff seeks in this Court. *See Eastport S.S. Corp. v. United States,* 372 F.2d

---

[6] Defendant does not agree that the District Court has jurisdiction to award the monetary relief that Plaintiff seeks in that Court. But the validity of Plaintiff's claim in the District Court should not be relevant to the Court's determination under Section 1500, which requires only that the same claim be pending in another court at the time the CFC action is filed. It should be for the District Court to consider Defendant's assertions that it does not have jurisdiction to award the monetary relief that Plaintiff seeks. *Cf. Forsgren v. United States*, 73 Fed. Cl. 135, 142 (2006) ("This court will not step into the shoes of a district court judge and create the fiction that the district court complaint is 'deemed' dismissed.").

1002, 1007 (Ct. Cl. 1967) (stating that non-contractual claims acceptable for consideration by this Court "can be divided into two somewhat overlapping classes-those in which the plaintiff has paid money over to the Government, directly or in effect, and seeks a return of all or part of that sum; and those demands in which money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury.") If this Court determines that Defendant in fact breached fiduciary duties owed to Plaintiff based on Defendant's management and administration of Plaintiff's trust funds and assets, by failing, for example, to achieve fair market value for leases, easements and rights of way (*see* CFC Complaint ¶ 28), or failing to collect receipts. (*see* CFC Complaint, ¶ 27), the Defendant could be ordered to disgorge money or pay restitution to Plaintiff to compensate for monies that Plaintiff contends it should have always had. *See* District Court Complaint ¶ 4, and Prayer for Relief, ¶ 6. The same holds true for Plaintiff's claims related to judgment and trust fund monies. *See* CFC Complaint ¶¶ 30-39. Plaintiff's pleadings in both courts thus assert overlapping claims for monetary relief based on the same set of facts. *See British American*, 89 Ct. Cl. at 440. Congress explicitly deprived this Court of jurisdiction over these types of cases when it enacted 28 U.S.C. § 1500. *See Johns-Manville*, 855 F.2d at 1565.

## III. <u>CONCLUSION</u>

For the foregoing reasons, this Court should dismiss Plaintiff's CFC Complaint pursuant to 28 U.S.C. § 1500.

Respectfully submitted this 6th day of August, 2007,

RONALD J. TENPAS
ACTING ASSISTANT ATTORNEY GENERAL

*s/Laura M.L. Maroldy* ________________

Laura M.L. Maroldy
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 514-4565
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL

MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Fax: (202) 353-2021

ELISABETH BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL E. HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227