IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-09321 (ECH) |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | **Electronically filed on November 9, 2007** |
| Defendant. | ) | |

**PLAINTIFF'S OPENING POST-EVIDENTIARY HEARING BRIEF OPPOSING DEFENDANT'S MOTION TO DISMISS**

On October 24, 2007, this Court held an evidentiary hearing during which Alexis Applegate, the paralegal responsible for filing the instant action and the District Court action on behalf of Plaintiff the Ak-Chin Indian Community ("Ak-Chin"), testified about the filings she completed on December 29, 2006. In light of the additional facts revealed by Ms. Applegate's testimony, this Court ordered that the parties submit supplemental briefing on Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1500, to address the factual issue of which Complaint Ms. Applegate filed first -- the Complaint initiating this action (the "CFC Complaint") or the Complaint initiating the District Court action ("District Court Complaint").

Ms. Applegate's unequivocal testimony that she filed the instant action prior to filing the District Court Complaint is candid, convincing, appropriately detailed, and corroborated by other evidence in the record. Because the government has not, and cannot, contest this testimony or the supporting evidence, Ak-Chin has carried its burden to show that it filed the instant action prior to filing its District Court Complaint.

It is well-established that because jurisdiction is established at the time of filing, under § 1500, a later-filed district court action does not divest the Court of Federal Claims of jurisdiction

that was earlier properly established. *See Hardwick Bros. Co. II v. United States*, 72 F.3d 883, 886 (Fed. Cir. 1995); *Breneman v. United States*, 57 Fed. Cl. 571, 575 (2003), *aff'd*, 97 Fed. Appx. 392 (Fed. Cir. 2004); *Tecon Engineers, Inc. v. United States*, 343 F.2d 943, 949 (Fed. Cl. 1965). Accordingly, Defendant's Motion to Dismiss should be denied.[1]

**MS. APPLEGATE'S TESTIMONY**

Ms. Applegate filed seven Complaints on December 29, 2006, including Ak-Chin's CFC Complaint and District Court Complaint. (Hearing Tr. 17:19-19:15.) To accomplish these filings, Ms. Applegate made five separate trips to the clerks' offices of the Court of Federal Claims and District Court. (Hearing Tr. 17:19-19:15.) Ms. Applegate testified to the order of filing as follows:

> The first trip of the day, I walked here to the CFC to file three complaints – Passamaquoddy, Salt River and Tohono O'odham – then returned back to the office, at which point I discovered that the district court complaints in Passamaquoddy and Salt River were now ready. I took my first taxi to the district court and filed those two.
>
> I returned to the office, to find that the Ak-Chin CFC complaint was ready. I walked that over to here, came back to the office, to discover that the district court in Ak-Chin was ready. That is the one that I actually did two trips to the district court, seeing as the clerk was busy and didn't have time to complete what needed to be done for me in one trip.

(Hearing Tr. 18:3-16; *see also id.* at 18:17-19:15; 33:19-34-9.)

---

[1] There are three issues before the Court on Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1500. The first is whether Ak-Chin's district court action was pending at the time Ak-Chin filed the CFC Complaint. The second is whether the two cases involve the same claim under *Loveladies Harbor v. United States*, 27 F.3d 1545, 1551 (Fed. Cir. 1994) (*en banc*). This issue, in turn, has two sub-issues: whether the claims involve the same operative facts and whether they seek the same relief. *See id.* For the government to prevail under Section 1500, it has to prevail on all three issues. Thus, if Ak-Chin prevails on any one of them, the Section 1500 motion should be denied. Because at some point there is likely to be appellate review of the Section 1500 issue, Ak-Chin urges the Court to decide all three of the questions presented. A decision on all three issues would facilitate a comprehensive appellate review of all three of the issues and thus be more efficient.

Ms. Applegate is "certain" that she filed the Complaint initiating the instant action prior to filing the District Court Complaint. (Hearing Tr. 13:17-22.) This certainty is due in part to the fact that the Ak-Chin District Court Complaint was the last Complaint, of the seven Complaints, she filed that day; "therefore, [she] would have had to had filed the CFC Complaint prior to that." (Hearing Tr. 13:23-14:2.)

There are several sound bases for Ms. Applegate's conclusion that the Ak-Chin District Court Complaint was the last Complaint she filed that day. Ms. Applegate remembers that her last trip of the day to file a Complaint was to the District Court, and in particular, that she exchanged a "high-five" with the security guard at the District Court when she was done with her filings. (Hearing Tr. 12:23-25; 15:25-16:8.) Ms. Applegate also called the clerk's office at the District Court and learned that the District Court assigns civil action numbers sequentially based on the order of filing. (Hearing Tr. 17:8-15.) Because the Ak-Chin District Court action was assigned the highest civil action number of all the District Court Complaints Ms. Applegate filed that day, the Ak-Chin District Court Complaint was the last Complaint Ms. Applegate filed that day. (Hearing Tr. 16:19-17-2.)

In addition, Mr. Harper had instructed Ms. Applegate to file the Court of Federal Claims Complaints prior to filing the District Court Complaints because neither Mr. Harper nor Ms. Applegate had ever filed a Complaint in the Court of Federal Claims. (Hearing Tr. 27:17-28:6.) Moreover, due to the upcoming New Year's holiday and President Ford's death, Mr. Harper asked Ms. Applegate to call the Court of Federal Claims to see if they were closing early. (Hearing Tr. 26:1-9.) The clerk at the Court of Federal Claims could not confirm for Ms. Applegate that the Court would not be closing early that day, thereby causing Mr. Harper to instruct Ms. Applegate to file the Court of Federal Claims Complaints prior to filing the District Court Complaints. (Hearing Tr. 27:17-23.)

Ms. Applegate further testified that she remembers the filing of the Ak-Chin District Court Complaint being last because the other filings she did that day in the District Court on behalf of the Salt River Pima-Maricopa Indian Community ("Salt River") and the Passamaquoddy Tribe ("Passamaquoddy") were "somewhat uneventful." (Hearing Tr. 17:3-7.) These Complaints were prepared and taken care of "rather easily." (Hearing Tr. 17:3-7.) In contrast, there were "some issues" with the Ak-Chin District Court Complaint, which required her to make two trips to the District Court to complete its filing. (Hearing Tr. 17:3-7.)

During the first trip to the District Court to file the Ak-Chin District Court Complaint, the intake clerk told Ms. Applegate that she was "too busy to complete the filing" and that she "would have to come back at a later time." (Hearing Tr. 14:18-24.) Ms. Applegate dropped off the Ak-Chin District Court Complaint during this first visit. (Hearing Tr. 15: 16-24.) Ms. Applegate later returned to the District Court and during this visit paid the cashier the filing fee. (Hearing Tr. 15: 16-24.) After paying the fee, she presented the receipt to the intake clerk, who "at that point" gave Ms. Applegate "a file-stamped copy" as well as the "summons with the adjoining complaints." (Hearing Tr. 15: 16-24.) The filing of Ak-Chin's District Court Complaint was the last Complaint Ms. Applegate filed that day. (Hearing Tr. 13:23-14:2.) When she completed that filing, Ms. Applegate had completed the filings of all seven Complaints, including the filing of Ak-Chin's CFC Complaint. (Hearing Tr. 16:19-17:15.)

**ARGUMENT**

The government made several factual arguments in its prior briefing to this Court to argue that the District Court Complaint was filed prior to the instant action. The facts established by Ms. Applegate's testimony defeat each of these arguments.

First, the government asserts in its briefs that Ms. Applegate filed the Ak-Chin District Court action in the morning, rather than in the afternoon, and thus likely prior to filing the CFC

Complaint. To make this argument, the government points to the fact that the Complaints she filed on behalf of Salt River and Passamaquoddy were the first two actions filed in the District Court on December 29, 2006. The government also contends that the cab receipts show that Ms. Applegate traveled to the District Court in the morning to file Ak-Chin's District Court Complaint.

Ms. Applegate testified, however, that she made three separate trips to the District Court on December 29, 2006. (Hearing Tr. 37:13-38:1-2.) During the first trip, she filed the Salt River and Passamaquoddy Complaints; during the second trip she left the Ak-Chin Complaint with the clerk; and during the last trip, she completed the filing of the Ak-Chin District Court Complaint. (Hearing Tr. 37:13-38:1-2.) Ms. Applegate's testimony is consistent with the sequential civil action numbers assigned to the *Salt River* and *Passamaquoddy* District Court actions and the cab receipts reflecting each trip to the District Court. (Hearing Tr. 37:13-38:2; 34:10-37:10 and Exs. E, F and G.) As Ms. Applegate explained, the cab receipt with her "A.M." notation is the receipt documenting her trip to the District Court to file the *Salt River* and *Passamaquoddy* District Court Complaints. (Hearing Tr. 35:1-7.) The receipts with the "Second-trip" and "Ak-Chin" notations reflect, respectively, her two later trips to the District Court to accomplish the filing of the Ak-Chin District Court Complaint. (Hearing Tr. 35:8-37:10.)[2]

---

[2] The government takes the position that this testimony is not credible because Ak-Chin's discovery responses and Ms. Applegate's Affidavit did not reference her first, and unrelated, trip to the District Court to file the Complaints on behalf of Salt River and Passamaquoddy. However, this argument ignores that Ak-Chin's Responses and Objections to Defendant's First Set of Requests for Production of Documents identify the three cab receipts by Bates number and that Ak-Chin produced each receipt, with distinct notations, in response to the government's discovery requests. Furthermore, Ak-Chin did not reference Ms. Applegate's first trip to the District Court in its Responses to Defendant's Interrogatories because the Interrogatories only sought information regarding the filings for Ak-Chin, and not regarding Ak-Chin's counsel's other tribal clients. Finally, Ms. Applegate's Affidavit did not reference her first trip to the District Court because that trip is not relevant to the issue of whether Ms. Applegate filed Ak-Chin's CFC Complaint prior to filing the District Court Complaint.

The government also asserts that because the Ak-Chin District Court Complaint purportedly was the sixth Complaint filed on December 29, 2006, and 30 Complaints were filed thereafter, the District Court Complaint could not have been filed after the CFC Complaint, which was filed in the late morning or early afternoon. (Def. Reply Brf. p. 4.) As an initial matter, the government's position that 30 Complaints were filed in the District Court after the Ak-Chin Complaint is without any evidentiary support. None of the docket listings pointed to by the government show that 30 Complaints were filed after the Ak-Chin District Court Complaint. For example, Exhibit 3 to Defendant's Motion to Dismiss identifies 26 cases as being filed after the Ak-Chin Complaint, and the exhibit the government presented to Ms. Applegate at the hearing reflects that only 18 cases were filed after the Ak-Chin Complaint. (Hearing Tr. 66: 10-14.) Similarly, Exhibit 3 to Defendant's Motion to Dismiss purports to show that the Ak-Chin Complaint was the sixth Complaint filed on December 29, 2006, whereas the listing provided to Ms. Applegate at the hearing shows that it was the fifth Complaint filed. (Hearing Tr. 66: 10-14.) Because the government's listings purporting to show how many Complaints were filed before and after the Ak-Chin Complaint are patently inconsistent, they are unreliable and should not be admitted into evidence or otherwise considered by this Court.

Even assuming *arguendo* that more Complaints had been filed in the District Court in the afternoon than in the morning of December 29th, such a scenario would not be surprising. As Ms. Applegate testified, when she returned to the District Court during her last trip to file the Ak-Chin Complaint, Ms. Applegate observed that the District Court "had gotten significantly busier as the day progressed" and the clerk had remarked at one point "oh, another tribal case." (Hearing Tr. 46: 17-23.) There simply is no basis in the record, and the government offers none, for the government's speculation that the filing of Complaints in the District Court is distributed evenly throughout the day.

To counter Ms. Applegate's testimony that she did not complete the filing of the Ak-Chin District Court Complaint until her last trip to the District Court, the government also asserts that Ak-Chin has "acknowledged" that the Complaint was file-stamped by the time Ms. Applegate returned to the District Court for the last time that day. (Def. Reply Brf. at p. 3.) First, this contention by the government is of no consequence, because Ms. Applegate filed the CFC Complaint before her first trip to the District Court to file the Ak-Chin Complaint, and thus Ak-Chin's CFC Complaint was filed first, regardless of the time at which the filing of Ak-Chin's District Court Complaint was completed. (Hearing Tr. 18:3-16; *see also id.* at 18:17-19:15; 33:19-34-9.) Second, contrary to the government's assertion, Ak-Chin has not in fact acknowledged or conceded that the Complaint was filed-stamped before Ms. Applegate made her last trip to the District Court.[3] Rather, Ms. Applegate testified that she received a file-stamped copy of the District Court Complaint during her last trip to the District Court, but only after she had shown the intake clerk the receipt documenting her having just paid the filing fee.[4]

The government also argues that Mr. Harper's 8:59 a.m. e-mail to Ms. Applegate, telling her to file the District Court Complaints while he made changes to the CFC Complaints, is dispositive of the timing issue. This argument is a complete "red herring." Ms. Applegate testified that she did not even see Mr. Harper's 8:59 a.m. e-mail on December 29th and thus could not have heeded this instruction. (Hearing Tr. 28:7-10; 30:6-20.) In addition, subsequent to that e-mail, Ms. Applegate was unable to confirm that morning whether the Court of Federal

[3] To make this argument, the government points to Ak-Chin's Response Brief which simply explains that Ms. Applegate obtained a file-stamped copy of the District Court Complaint during her last trip to the District Court. (Def. Reply Brf. p. 4; Plaintiff's Response Brf. p. 5.) Ak-Chin did not in any way acknowledge or concede that the clerk assigned the civil action number to the District Court action before Ms. Applegate returned to the District Court to complete the filing of the District Court Complaint.

[4] Ms. Applegate also testified that she did not witness the intake clerk's stamping of the Complaints and does not know when that occurred. (Hearing Tr. 46:1-8.)

Claims would be closing early that day for the holiday. (Hearing Tr. 26:1-9) This uncertainty, coupled with Mr. Harper's never having filed a Complaint in the Court of Federal Claims, prompted Mr. Harper to orally direct Ms. Applegate to file the Court of Federal Claims actions prior to filing the District Court actions. (Hearing Tr. 27:12-28:6.) It is this instruction that Ms. Applegate followed. (Hearing Tr. 18:3-9.)

The government also takes issue with Ak-Chin's interrogatory response estimating that the Ak-Chin District Court Complaint had been filed as of 2:23 p.m., which is based on Ms. Applegate's e-mail to Bill Austin at 2:23 p.m. saying that she had returned from the Court and was getting ready to leave for the day. (Def. Reply Brf. n. 3; Hearing Tr. 47:6-19 and Exhibit K.) The government points to the fact that Defendants had been served by 3:14 p.m. as showing that this estimation cannot be correct and that the filing had to have occurred much earlier in the day. As Ak-Chin explained in its interrogatory responses, the filing of the Ak-Chin District Court action had to have occurred at some point *prior to* 2:23 p.m., but not necessarily at that time. (Plaintiff's Response to Interrogatories, Response No. 8.) Before Ms. Applegate sent this e-mail, she already had returned to the office and left the Complaints and summonses with the process servers. (Hearing Tr. 47:6-48:14.) Because the offices for the Interior Department are within a few blocks of Kilpatrick Stockton LLP's offices and Ms. Applegate had, earlier in the day, made arrangements with the process servers, it is not surprising that service had been effectuated by 3:14 p.m., even if the District Court Complaint was filed shortly before 2:23 p.m. (Hearing Tr. 47:20-48:14; 49:13-25.)

Lastly, the government suggests that two e-mails Ms. Applegate sent on April 23, 2007 demonstrate that Ms. Applegate is uncertain of which of Plaintiff-Beneficiary's Complaints she filed first that day. (Hearing Tr. 59:24-61:11) These e-mails reflect Ms. Applegate's response to Ms. Munson's question, nearly four months after the filings, of how to determine what time the

Complaints on behalf of Salt River and Passamaquoddy -- not Ak-Chin -- were filed. Ms. Applegate responded to Ms. Munson's inquiry within a matter of minutes and prior to having reviewed all the relevant contemporaneous evidence relating to the December 29th filings to refresh her recollection, which is what she did before she executed her Affidavit and testified on October 24, 2007. Moreover, in the earlier e-mail, Ms. Applegate does not state that she could not determine the order of filing, as the government suggests. Rather, Ms. Applegate simply explains that because the Complaints had no time-stamps, there is "no precise way" to determine what *time* she filed the Complaints in each court, which is fully consistent with her October 24th testimony. (Hearing Tr. 20:9-14; 30:21-25). In fact, in a follow-up e-mail, and even prior to reviewing all the relevant documentary evidence, Ms. Applegate remembered that she had gone to the Court of Federal Claims first. In any event, these e-mails inquired about the filings in *Salt River* and *Passamaquoddy* and did not address Ak-Chin. Therefore, these e-mails are not relevant to the factual dispute at issue here.[5]

## **CONCLUSION**

For these reasons, the government's arguments do not controvert Ak-Chin's showing that the District Court action was not pending at the time Ak-Chin filed the CFC Complaint. By itself, this requires denial of the government's motion to dismiss under § 1500.

[5] The government also has failed to put these e-mails in the record.

This the 9th day of November, 2007.

Respectfully submitted,

/s/ Keith Harper

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail: cmunson@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858

*Attorneys for Plaintiff*
The Ak-Chin Indian Community

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-09321 (ECH) |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | **Electronically filed on November 9, 2007** |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Opening Post-Evidentiary Hearing Brief Opposing Defendant's Motion to Dismiss was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Laura M.L. Maroldy, Esq.
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

This 9th day of November, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail: cmunson@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800
*Attorneys for Plaintiff*
The Ak-Chin Indian Community