**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-0932L-ECH<br>Judge Emily C. Hewitt<br>**Electronically filed December 11, 2007** |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S POST-EVIDENTIARY HEARING BRIEF**

Defendant respectfully moves this Court for leave to file a sur-reply to Plaintiff's Response to Defendant's Post-evidentiary Hearing Brief in Support of Defendant's Motion to Dismiss (Dkt. No. 43). The reasons for this request are that: (1) Plaintiff asserted in its November 29, 2007, reply new "facts" that find no support in the record of the case; (2) at the December 10, 2007, hearing in another case brought by Plaintiff's counsel (*Salt River Pima-Maricopa Indian Community v. United States,* Case No. 06-0943L), Plaintiff's witness, Ms. Applegate, gave testimony directly contradicting the statements in Plaintiff's November 29 reply brief in this case; and (3) there is to be another hearing the *Salt River* case on December 12, 2007, regarding receipts issued by the Court for the December 29, 2006, filings; and that testimony is expected to bear directly on the timing and sequence of the *Ak-Chin* filings as well as those in the *Salt River* case and the other cases filed by Plaintiff's counsel on December 29. These matters are explained further below.

In its reply to Defendant's sole post-hearing brief, Plaintiff raised a new argument

supporting its version of the timing of the filings that occurred on December 29, 2006, in the Court of Federal Claims, which is based entirely on assertions of fact that do not find any support in the evidentiary record. Specifically, Plaintiff claimed, in response to Defendant's arguments about the evidence that Ms. Applegate was "missing something" in connection with the day's CFC filings, and therefore had to return to her office to get it,

> "While Ms. Applegate initially recalled having to make a second trip to the Court of Federal Claims that day because she was "missing something" her first trip there, the reason Ms. Applegate was required to make a second trip to the Court of Federal Claims was because the ***Ak-Chin CFC Complaint*** was not ready when the other three Complaints were filed and it had to be delivered for filing that same morning."

Plf's Reply Brief (Dkt. No. 43), at 12-13 (emphasis added)

In addition, at the December 10, 2007, evidentiary hearing in this Court in *Salt River Pima-Maricopa Indian Community v. United States,* Case No. 06-0943, before the Honorable Judge Lawrence M. Baskir, Plaintiff's witness, Ms. Applegate, gave testimony about the same factual issue, and the reference to returning to the office to get the missing "something," which directly contradicts the version of events given in Plaintiff's November 29, 2007, filing in this case. Defendant should be permitted to submit argument to the Court regarding that discrepancy, as it bears both on the sequence of the events on the date in question and on the witness's credibility.

Furthermore, shortly after the conclusion of the December 10 *Salt River* hearing, Judge Baskir ordered that an additional hearing take place (on December 12, 2007), to hear testimony from a Court of Federal Claims employee regarding the issuance of the receipts for Plaintiff's counsel's filing fees for this case; the *Salt River* case referenced above, and the cases in this Court styled *Passamaquoddy Tribe v. United States*, Case No. 06-942L; and *Tohono O'Odham*

*Nation v. United States*, Case No. 06-0944L, respectively. (*See* the December 10, 2007, explanatory e-mail from Judge Baskir's law clerk to counsel; and the December 11, 2007, Order from Judge Baskir in the *Salt River* case, attached hereto collectively as Exhibit A.)

Accordingly, Defendant requests permission to file a brief sur-reply in this case by Friday, January 4, 2008, after it receives the transcripts of the December 10 and December 12 proceedings in the above-referenced *Salt River* case. The sur-reply would address the three matters described above in this motion. Permitting Defendant to file a sur-reply on those matters will ensure that the Court will have a more complete record upon which to evaluate the facts relating to the *Ak-Chin* filings and to make its decision, and will not unduly delay the resolution of this matter.

Respectfully submitted this 11th day of December, 2007,

RONALD TENPAS
Acting Assistant Attorney General

*s/Laura M.L. Maroldy*
Laura M. L. Maroldy
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044
Tel: (202) 514-4565
Fax: (202) 353-2021

Attorneys for the Defendant