IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-0932 L (ECH) |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | **Electronically filed on December 14, 2007** |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANT'S POST-EVIDENTIARY HEARING BRIEF**

In support of its request to file another brief, Defendant makes the bald assertion that Plaintiff's Response Brief to Defendant's Post-Evidentiary Hearing Brief contradicts Ms. Applegate's December 10, 2007 testimony in *Salt River Pima-Maricopa Indian Community v. United States*, Case No. 06-0943L before Judge Baskir. This simply is not true and does not justify further briefing on the matter. Defendant also points to a hearing in the *Salt River* case which had not yet taken place at the time it filed its Motion for Leave to File a Surreply. This hearing, which was reduced to a Status Conference, was held earlier this week, December 12, 2007 and simply confirmed what the parties in this case have assumed all along - that the civil action and receipt numbers associated with Complaints filed in the Court of Federal Claims do not reflect the order of filing of those Complaints within a given day. While Plaintiff does not object to the transcripts of the hearings from the *Salt River* action being admitted in this case, this Court should not delay the resolution of Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1500 for the parties to address inconsequential issues.

**ARGUMENT**

First, Defendant contends that Plaintiff made an argument in its Response Brief which contradicts testimony Ms. Applegate gave on December 10, 2007 at the evidentiary hearing in the *Salt River* case. Nothing could be further from the truth. In fact, in response to Defendant's counsel's repeated assertions to Ms. Applegate during cross-examination that her testimony at the December 10, 2007 evidentiary hearing and Plaintiff's Response Brief were contradictory, Ms. Applegate made clear that her testimony is fully consistent with Plaintiff's Response Brief.[1] As she explained, Ms. Applegate's testimony simply supplements and corroborates what was stated in Plaintiff's Response Brief.

One of the arguments Plaintiff addressed in its Response Brief was Defendant's contention that Ms. Applegate's filing of the *Salt River* and *Passamaquoddy* CFC Complaints did not go "smoothly." Defendant based this theory on an April 23rd e-mail from Ms. Applegate to Ms. Munson in which Ms. Applegate states that she remembered that she was missing something when she went to the Court of Federal Claims and had to go back to the office. Defendant's Post-Evidentiary Hearing Brf. p. 12. Defendant made this argument in its Post-Evidentiary Hearing Brief despite never having raised the issue during its cross-examination of Ms. Applegate on October 24, 2007.

What Ms. Applegate recalls, and what she was given the opportunity to fully testify about at the evidentiary hearing in *Salt River*, is that she did make two trips to the Court of Federal Claims on December 29, 2006, but it was not because she was missing something. Rather, Ms. Applegate made two trips to the Court of Federal Claims on December 29, 2006 because she filed three CFC Complaints first thing in the morning, Salt River, Passamaquoddy and Tohono

[1] The hearing transcript from the December 10, 2007 hearing is not yet available.

O'odham, and then later returned to the Court of Federal Claims to file the Ak-Chin CFC Complaint. Ms. Applegate's April 23rd e-mail stating that she was "missing something" was referring to a later and unrelated trip she made to the Court of Federal Claims to submit two attorney admissions. It was during this trip that she was "missing something" and had to return to her office. Ms. Applegate's April 23rd e-mail confused the two trips.[2]

At the October 24, 2007 evidentiary hearing in this case, Ms. Applegate did not have the opportunity to describe her later trip to the Court of Federal Claims during which she was missing something. As such, Plaintiff explained in its Response Brief that the CFC filings for Salt River and Passamaquoddy did go smoothly and Ms. Applegate was not "missing something" during that trip to the CFC. Plaintiff's Response Brf. 12-13. Ms. Applegate's testimony describing her filings fully supports this statement. *See* October 24th Hearing Tr. p. 18-19. Plaintiff's Response Brief explains that the reason Ms. Applegate made two trips to the Court of Federal Claims is because she had to go back to the Court, after having filed three other CFC Complaints, to file the Ak-Chin CFC Complaint. *See id.* This statement also is supported by the record and does not contradict Ms. Applegate's testimony at the *Salt River* evidentiary hearing that her reference in the e-mail to "missing something" related to a different and later trip to the Court of Federal Claims. Ms. Applegate simply gave an explanation at the evidentiary hearing for the statement in her e-mail, which supplemented and indeed, corroborated what was included

[2] It is important to note that this e-mail reflects Ms. Applegate's response to Ms. Munson's question of how to determine what time the Complaints were filed, nearly four months after the filings. Ms. Applegate responded to Ms. Munson's inquiry within a matter of minutes and prior to having taken the time to review contemporaneous evidence relating to the December 29th filings. After reviewing a slew of material, Ms. Applegate's recollection was refreshed that the trip to the Court of Federal Claims where she was "missing something" occurred in early January.

in Plaintiff's Response Brief. Because there is no discrepancy, further briefing on this issue would be wasteful.

Second, Defendant contends in its Motion that a surreply is appropriate so that Defendant can make arguments resulting from the hearing scheduled for December 12, 2007 in the *Salt River* case. That hearing, which did in fact take place on December 12th, was reduced to a Status Conference by Judge Baskir so that the Court and both parties could hear the Court of Federal Claim's Chief Deputy Clerk, Lisa Reyes, explain, without testifying under oath, how Complaints and receipts for Complaints are issued and what significance, if any, is attached to receipt numbering for purposes of determining timing of Complaints generally. The purpose of the Status Conference was to give Judge Baskir the opportunity to take judicial notice of the Court of Federal Claims' procedures. Both Defendant's counsel and Plaintiff's counsel had the opportunity to question Ms. Reyes about the Court's procedure.

Ms. Reyes confirmed that the numbering of the receipts and civil action numbers is not determinative of when Complaints are filed within a given day or the order in which they are filed. Ms. Reyes' explanation confirms Defendant's previously stated understanding that the assignment of civil action numbers to Complaints by a clerk of the Court of Federal Claims does not provide a means by which to determine sequence-of-filing within a given day. *See* Transcript of May 30, 2007 Status Conference, at p 12. (statement of Mr. Lalonde: "The sequencing of the docket numbers [at the Court of Federal Claims], from what I understand from talking to the Court Clerk, does not necessarily match the sequencing of cases filed."). As a result of the Status Conference, Judge Baskir took judicial notice that neither the receipt numbering nor the civil action numbers correlate to any particular order of filing within a given day.



US2000 10504587.1

Because the results of the Status Conference in the *Salt River* case do not contradict the parties' understanding of the filing procedure in this Court, there is no reason for additional briefing and additional delay.

Since inception of this case, defendants have tried numerous methods to delay these proceedings. There is always a new issue to raise or further items to brief according to them. None of it on the important merits issues. None of it on actually engaging in a constructive matter to reach the merits of the suit. This time they seek further briefing based, in part, on a hearing that had not yet occurred. And indeed, when the status conference did occur, it merely confirmed the extant record.

This action was filed nearly a year ago. Plaintiff Ak-Chin Indian Community respectfully suggests that no further delay is warranted, especially not on as specious a basis as defendants have trumped up this time. This Court need not further delay resolution of Defendant's Motion to Dismiss for purposes of revisiting what is now, and has been, a settled issue. Defendant's motion for leave should be denied.

Respectfully submitted, this the 14th day of December, 2007.

Respectfully submitted,

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail: cmunson@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005

Tel: (202) 508-5800
Fax: (202) 505-5858

*Attorneys for Plaintiff*
The Ak-Chin Indian Community

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-0932 L (ECH) |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | **Electronically filed on December 14, 2007** |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANT'S POST-EVIDENTIARY HEARING BRIEF was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Laura M.L. Maroldy, Esq.
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

This 14th day of December, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail: cmunson@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005



US2000 10504587.1

Phone: (202) 508-5800
*Attorneys for Plaintiff*
The Ak-Chin Indian Community