**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-0932L-ECH |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES OF AMERICA, | ) | **Electronically Filed January 7, 2008** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S BRIEF PURSUANT TO THE COURT'S**
**DECEMBER 21, 2007, ORDER**

RONALD TENPAS
ASSISTANT ATTORNEY GENERAL

Laura M. L. Maroldy
United States Department of Justice
Environmental and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044
Tel: (202) 514-4565

Attorneys for the Defendant

OF COUNSEL
ELISABETH BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

# TABLE OF CONTENTS


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. THERE ARE NO MATERIAL DISTINCTIONS BETWEEN THE TWO SETS OF COMPLAINTS, AND NONE THAT SUPPORT A LEGAL ANALYSIS DIFFERENT FROM THE COURT'S ANALYSIS IN *TOHONO O'ODHAM* ON THE CORE QUESTIONS WHETHER BOTH COMPLAINTS INVOLVE THE SAME OPERATIVE FACTS AND SEEK THE SAME OR OVERLAPPING RELIEF. . . . . . . . . . . . . 2

1. The District Court Complaints . . . . . . . . . . . . . . . . . . . 2

2. The Complaints Filed in this Court ("CFC Complaints") Do Not Differ in any Way That Supports a Different Result from the *Tohono O'odham* case. . . . . . . . . . . . . . . . . . . . . . . . 4

3. There are No Differences Between the Two Litigants' Sets of Complaints that are Pertinent to the Section 1500 Analysis . . . . 9

B. THE CORE ANALYSIS, WHETHER AK-CHIN'S COMPLAINTS CONCERN THE SAME OPERATIVE FACTS AND SEEK THE SAME OR OVERLAPPING RELIEF, IS THE SAME, AND WARRANTS THE SAME RESULT . . . . . . . . . . . . . . . . . . 11

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Harbuck v. United States*, 58 Fed. Cl. 266 (2003), *aff'd* 378 F.3d 1324 (2004) . . . . .11

*Keene Corp. v. United States*, 508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . . . 11

*Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (Fed. Cir. 1994) . . . . . . . . 11

## PENDING CASES

*Tohono O'odham v. Kempthorne*, No. 06-cv-944L (CFC Dec. 29, 2006) . . . . . . . . 1

## FEDERAL STATUTES AND RULES

28 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-0932L-ECH<br>Judge Emily C. Hewitt<br>**Electronically filed January 7, 2008** |

DEFENDANT'S BRIEF PURSUANT TO THE COURT'S DECEMBER 21, 2007, ORDER

On December 21, 2007, "[f]urther to the opinion issued on December 19, 2007 in Tohono O'odham v. United States, No. 06-944L,"[1/] this Court ordered both parties to submit briefing on certain specific questions that have relevance to Defendant's pending motion to dismiss pursuant to 28 U.S.C. § 1500. (December 21, 2007, Order, Dkt. No. 48).

Those questions, and Defendant's position with respect to them, are set forth below.

I. QUESTIONS PRESENTED

1. WHAT, IF ANY, ARE THE DISTINCTIONS BETWEEN THE COMPLAINTS AT ISSUE IN *TOHONO O'ODHAM* AND THE COMPLAINTS AT ISSUE HERE AND DO SUCH DISTINCTIONS SUPPORT A LEGAL ANALYSIS DIFFERENT FROM THE COURT'S ANALYSIS IN *TOHONO O'ODHAM*?

2. ARE ANY ASPECTS OF THE COURT'S LEGAL ANALYSIS IN *TOHONO O'ODHAM* INAPPLICABLE TO THIS CASE? IF SO, PLEASE IDENTIFY THE INAPPLICABLE ASPECTS OF THE LEGAL ANALYSIS AND EXPLAIN WHY THOSE ASPECTS ARE INAPPLICABLE.

---

[1/] The December 19, 2007, Opinion in *Tohono O'odham v. United States*, Dkt. No. 26 in Case No. 06-0944L, is hereinafter referred to as the "Tohono Opinion."

## II. ARGUMENT

### A. THERE ARE NO MATERIAL DISTINCTIONS BETWEEN THE TWO SETS OF COMPLAINTS, AND NONE THAT SUPPORT A LEGAL ANALYSIS DIFFERENT FROM THE COURT'S ANALYSIS IN *TOHONO O'ODHAM* ON THE CORE QUESTIONS WHETHER BOTH COMPLAINTS INVOLVE THE SAME OPERATIVE FACTS AND SEEK THE SAME OR OVERLAPPING RELIEF

There are no material distinctions between the Complaints at issue in the Tohono[2/] cases and those at issue in this case, that is, none that have any bearing on the core analysis under Section 1500: whether both complaints involve the same operative facts and seek the same or overlapping relief. In fact, a comparison of the two sets of Complaints demonstrates that in many paragraphs of the Complaints, the only differences are the names or designations of the parties (*e.g.*, use of the appellation "Nation" to refer to the plaintiff in the complaints filed by the Tohono O'odham Nation and "Community" to refer to the plaintiff in those filed by the Ak-Chin Indian Community.). A copy of the Tohono District Court Complaint is attached hereto as Exhibit A, for reference. Ak-Chin's District Court Complaint was submitted to the Court as Exhibit 1 to Defendant's motion to dismiss (Dkt. No. 23). A copy of the Tohono Court of Federal Claims ("CFC") Complaint is attached hereto as Exhibit B.

#### 1. The District Court Complaints

The following paragraphs are identical, except for the different names or appellations of the plaintiffs, referred to above: 1, 5-13, 15, 17-43; and Prayer for Relief paragraphs 1-6, 8, and 9. The two Complaints allege the same breaches of duty (*compare* paragraphs 4 (a)-(f) in the

---

[2/]Defendant uses the term "Tohono" throughout this paper to refer to the District Court case brought by the Tohono O'odham Nation, to the Court of Federal Claims case brought by the Nation, or both of them.

two District Court Complaints). (Although both Complaints list rights of way as among the assets at issue, the Ak-Chin Complaint also contains additional allegations regarding rights of way.[3]) The two Complaints contain the same recitation of the alleged statutory and regulatory bases for the fiduciary duties at issue. (*Compare* paragraphs 16 of the two Complaints.) They cite the same case law. (*Compare, e.g.*, paragraphs 12, 15, 17, and 18 of the two Complaints.) Moreover, they contain identical lists of the duties the defendants allegedly owed to the respective plaintiffs. (*Compare* paragraphs 19, including all their subparagraphs.) They also contain identical lists of alleged breaches of trust. (*Compare* paragraphs 20.)

Likewise, the Ak-Chin District Court Complaint contains the same Counts as the Tohono District Court Complaint. (*Compare* paragraphs 32-44, Counts One and Two in their entirety.) The Prayers for Relief, likewise, are identical between the two District Court Complaints, with the sole exception that in the Ak-Chin Complaint, the plaintiff specifically lists information regarding rights of way as among the types of information it wants to receive as part of Prayer for Relief ¶ 7. The rest of paragraph 7 of the Ak-Chin Prayer for Relief is the same as paragraph 7 of Tohono's Prayer For Relief in the District Court.

---

[3]The Ak-Chin District Court Complaint contains an allegation that the "defendants failed to maintain complete and adequate records of rights of way approved by defendants across the Community's reservation," failed to obtain the Community's consent to such rights of way, and failed to "ensure that such compensation as required by federal law and regulation be paid to the Community in all cases for such rights of way." (¶ 4(g)). That particular text does not appear in paragraph 4 of the Tohono District Court Complaint; however, the rest of Paragraph 4, including its six other sub-paragraphs, containing a list of alleged breaches of trust by the defendants, is exactly the same between the two complaints, except for the appellations of the parties. In addition, both Complaints list rights of way as among the trust assets for which the defendants allegedly failed to account (¶ 3 of both District Court Complaints); and both allege that defendants failed to "maintain adequate books and records with respect to the trust property" generally (*compare* Tohono ¶¶ 19 (b) and 20 (b)).

The respective District Court Complaints contain differing allegations regarding the number of acres and amounts of money held in trust for the respective plaintiffs. The Ak-Chin Complaint (¶ 3) refers broadly to "valuable natural resources," while the Tohono Complaint (¶ 3) refers to "*inter alia*, copper, other minerals, sand, and gravel." Likewise, the Tohono Complaint, at paragraph 14, contains details of a claim brought by Tohono under the Indian Claims Commission Act of 1946, which of course do not pertain to the Ak-Chin Indian Community and are not included in its District Court Complaint.

In summary, the differences between the two District Court complaints are few, and none of them are material to the Section 1500 analysis: whether the District Court and CFC Complaints of the plaintiff concern the same operative facts and seek the same or overlapping relief.

2. The Complaints Filed in this Court ("CFC Complaints") Do Not Differ in any Way That Supports a Different Result from the *Tohono O'odham* case.

Not surprisingly, some details of the two plaintiffs' Complaints differ, because the respective plaintiffs do not have exactly the same assets, nor do their respective reservations share exactly the same history or occupy the same land. For example, the Tohono Complaint, concerning a much larger reservation, contains the allegation that the "associated natural resources" at issue "include *inter alia*, valuable mineral reserves, such as copper, other minerals, sand and gravel." (Tohono CFC Complaint, Exhibit B hereto, ¶ 15), while the Ak-Chin Complaint does not list mineral reserves as among the plaintiff's assets. The Ak-Chin Complaint contains a reference to a settlement of the Community's water rights claims against the United States, which does not pertain to Tohono. (Ak-Chin CFC Complaint, ¶ 11.) It also contains allegations about the alleged approval of rights of way without plaintiff's consent. (Ak-Chin

CFC Complaint, ¶ 12.) (Both Complaints, however, include rights of way as among the assets which "form the core of [the plaintiff's] tribal trust assets." *Compare* paragraphs 16 in both CFC Complaints.)) Finally, the details of the specific judgment funds at issue differ between the two Complaints. (*Compare* ¶ 17 of Ex. B, Tohono CFC Complaint, *with* ¶ 13 of Ak-Chin's CFC Complaint.)

None of these distinctions constitute differences material to the Section 1500 analysis. As in the District Court Complaints, the allegations concerning the legal bases of liability and sources of alleged trust duties are the same in the Tohono and Ak-Chin CFC Complaints. (*Compare, e.g.*, ¶¶ 18 and 19 of the Tohono CFC Complaint, Ex. B, with ¶¶ 7 and 8 of the Ak-Chin CFC Complaint.) Consistent with its focus on mineral rights, the Tohono CFC Complaint contains references to the Federal Oil & Gas Royalty Management Act, 30 U.S.C. § 1701 *et seq*., and to 25 C.F.R. pt. 225, which do not appear in the Ak-Chin Complaint. (Tohono CFC Complaint, Ex. B, ¶ 19.) Otherwise, paragraph 19 of the Tohono CFC Complaint is the same as paragraph 8 of the Ak-Chin CFC Complaint. The two also contain the same list of "statutes, regulations, and executive orders" that allegedly give rise to the fiduciary duties upon which both plaintiffs purported to sue in this Court.

Likewise, the two Complaints cite the same case law as support for their causes of action. (*Compare* Tohono CFC Complaint, Ex. B, ¶ 18 with Ak-Chin CFC Complaint ¶ 17; Tohono CFC Complaint, Ex. B, ¶ 20 with Ak-Chin CFC Complaint ¶ 19; Tohono CFC Complaint, Ex. B, ¶ 21 with Ak-Chin CFC Complaint ¶ 20. Except as otherwise noted above, those sets of paragraphs are identical in the two plaintiffs' Complaints.)

The lists of duties allegedly owed by Defendant to the plaintiff are the same in both

cases. (*Compare* Tohono CFC Complaint, Ex. B, ¶ 22 with Ak-Chin CFC Complaint, ¶ 21.) The lists of alleged breaches are also the same. (*Compare* Tohono CFC Complaint, Ex. B., ¶ 23 with Ak-Chin CFC Complaint, ¶ 22.)

Similarly, the Counts and prayers for relief in the Ak-Chin CFC Complaint are in essence the same as those in the Tohono CFC Complaint, differing only with respect to the particular assets at issue for the respective plaintiffs. (The Tohono Complaint contains an additional count (Count I) referring in particular to the United States' alleged failures to account for, and properly manage, plaintiff's "mineral resources." (Tohono CFC Complaint, Ex. B, ¶¶ 25-30.)) In fact, most of the component paragraphs of the Counts and Prayers for Relief in the parties' respective CFC complaints, including the Prayers for Relief in their entirety, are identical except for the names of the plaintiffs. In short, as Defendant explains in greater detail in the next paragraph, they do not contain any distinctions material to the issues before the Court on Defendant's motion to dismiss.

The Tohono CFC Complaint contains four Counts, while the Ak-Chin pleading contains three. Their respective Counts I are titled differently but contain essentially the same claims of alleged government mismanagement. In *Tohono*, the mismanagement alleged in Count I relates to plaintiff's "mineral estate" (Tohono CFC Complaint, Ex. B, ¶¶ 25-30). In *Ak-Chin*, the alleged mismanagement relates to plaintiff's "land and natural resources." (Ak-Chin CFC Complaint ¶¶ 24-30). Both Counts I allege the existence of a "comprehensive regulatory framework for the pervasive control over the management of the natural resources ... held in trust": "mineral rights" in Tohono, and "agricultural uses" and "leases and agreements for interests in land" in Ak-Chin. (*Compare* Tohono CFC Complaint, Ex. B. ¶ 26 *with* Ak-Chin

CFC Complaint, ¶ 25.) Where the Tohono Complaint, in Count I, refers to the management of "copper, sand and gravel resources," Ak-Chin refers to "negotiation of easements, rights of way, and land and building leases." (*Compare* Tohono CFC Complaint, Ex. B, ¶ 26 *with* Ak-Chin CFC Complaint, ¶ 25.) (However, as Defendant explains *infra*, the Tohono Complaint echoes the Ak-Chin allegations about "negotiation of easements, rights of way," *et cetera*, in its Count II.)

Both Counts I allege that the United States failed to provide a complete and accurate accounting and failed to provide complete records "which it is required to maintain as trustee." (*Compare* Tohono CFC Complaint, Ex. B, ¶ 28 *with* Ak-Chin CFC Complaint, ¶ 27). Both also allege that the United States failed to lease property interests "for not less than fair market value" and "fail[ed] to collect fair and reasonable compensation" on behalf of plaintiff for the assets at issue. (*Compare* Tohono CFC Complaint, Ex. B, ¶ 29 *with* Ak-Chin CFC Complaint, ¶ 28). Both seek money damages for the breaches alleged. (*Compare* Tohono CFC Complaint, Ex. B, ¶ 30 *with* Ak-Chin CFC Complaint, ¶ 29).

Similarly, Count II of the Tohono CFC Complaint, for "Breach of Fiduciary Duty with Respect to the Management of the Nation's Non-Mineral Estate," is in substance the same as Count I of the Ak-Chin Complaint, for "Breach of Fiduciary Duty with Respect to the Management of the Ak-Chin Community's Land and Natural Resources." (*Compare* Tohono CFC Complaint, Ex. B, ¶¶ 31-35 *with* Ak-Chin CFC Complaint, ¶¶ 24-30.) Both allege failures by the United States to prove a complete and accurate accounting of "the revenue the United States collected or was required to collect" with respect to interests in land: leases, easements, and rights of way. (*Compare* Tohono CFC Complaint, Ex. B, ¶ 33 *with* Ak-Chin CFC

Complaint, ¶¶ 26-27.) Both allege that "as trustee," the United States was obliged to "enter into and approve leases" and "easements and rights of way" for "not less than fair market value." (The Ak-Chin Complaint includes "permits" as well, among the interests at issue. Ak-Chin CFC Complaint, ¶ 28.) Both Complaints also contain allegations that the United States failed to "lease" [Tohono] or "negotiate" [Ak-Chin] such property interests "for fair market value." (*Compare* Tohono CFC Complaint, Ex. B, ¶ 34 *with* Ak-Chin CFC Complaint, ¶ 28.) Both contain allegations that the United States breached its fiduciary duties by "failing to collect fair and reasonable compensation" for the plaintiff. (*Compare* Tohono CFC Complaint, Ex. B, ¶ 34 *with* Ak-Chin CFC Complaint, ¶ 28.) Both seek money damages for the breaches alleged. (*Compare* Tohono CFC Complaint, Ex. B, ¶ 35 *with* Ak-Chin CFC Complaint, ¶ 29.)

Both Tohono's and Ak-Chin's Complaints contain identical Counts III, an alleged claim for "Breach of Fiduciary Duty with Respect to the Management of Judgment Funds." (*Compare* Tohono CFC Complaint, Ex. B, ¶¶ 36-40 *with* Ak-Chin CFC Complaint, ¶¶ 35-39.) The only differences are the names of the parties.

In addition, both Complaints contain a claim for alleged "Breach of Fiduciary Duty with Respect to Deposit and Investment of Trust Funds." That claim is Count IV in the Tohono Complaint (Ex. B, ¶¶ 41-45), while it is designated as Count II in the Ak-Chin Complaint (Ak-Chin CFC Complaint, ¶¶ 30-34). Those two counts are identical, except for the inclusion in paragraph 42 of the Tohono Complaint of the phrases "judgment funds" and "Indian Money Proceeds of Labor" (IMPL) funds," which do not appear in the corresponding, and otherwise identical, paragraph of the Ak-Chin Complaint, paragraph 31.

3. There are No Differences Between the Two Litigants' Sets of Complaints that are Pertinent to the Section 1500 Analysis

In summary, and in response to the first question posed by this Court in its December 21, 2007, Order, there are no differences between the two sets of Complaints that support a legal analysis or holding different from those of the Court in *Tohono*, on the core questions whether the Complaints concern the same operative facts and seek the same or overlapping relief. Not surprisingly, the lists of assets of the respective tribes are not entirely identical (in that Tohono identifies "mineral resources" as among its assets); and there are differences in the sizes of their respective reservations and the particulars of the "judgment funds" at issue for the two different tribes. But, as in *Tohono*, "[t]he two complaints [filed by Ak-Chin] clearly involve the same parties, the same trust corpus, the same asserted trust obligations, and the same asserted breaches of trust over the same period of time." (*Tohono* Opinion, at 14).

In fact, every paragraph of the Tohono Complaints identified in the initial section of the Court's opinion explaining its dismissal of the Tohono CFC case has a twin in the corresponding Ak-Chin Complaints, containing the same allegations, except that Tohono CFC Complaint ¶ 23 is paragraph 22 in the Ak-Chin CFC Complaint. (*Tohono* Opinion, at 2-4.).

Likewise, the key multi-part paragraphs 19 (containing a list of the "traditional fiduciary duties" the defendants allegedly owe and have owed to the plaintiff in each case), and 20 (containing a list of the alleged breaches of trust) of the Tohono and Ak-Chin District Court Complaints are the same.[4/] As just three examples, both District Court Complaints contain allegations that defendants had, and breached, a fiduciary duty to the plaintiff to "maintain

[4/]As noted above, a copy of the Tohono District Court Complaint is Exhibit A hereto. Ak-Chin's District Court Complaint is Exhibit 1 to Defendant's motion to dismiss, (Dkt. No. 23).

adequate books and records with respect to the trust property" (*compare* Tohono District Court Complaint, Ex. A, ¶¶ 19 (b) and 20 (b) *with* Ak-Chin District Court Complaint, ¶¶ 19 (b) and 20 (b)); to "use reasonable skill and care to invest and deposit trust funds in such a way as to maximize the productivity of trust property" (*compare* Tohono District Court Complaint, Ex. A, ¶ 19 (f) *with* Ak-Chin District Court Complaint, ¶ 19 (f)); and to "take reasonable steps to ensure that trust property is used for its highest and best use (*compare* Tohono District Court Complaint, Ex. B, ¶¶ 19 (g) and 20 (g) *with* Ak-Chin District Court Complaint, ¶¶ 19 (g) and 20 (g)).

Similarly, the multi-part paragraphs 4 (containing a list of the "aspects" in which the trusts owed to the plaintiff allegedly have been mismanaged by defendants) are the same in the Tohono and Ak-Chin District Court Complaints, except that, as noted above, the Ak-Chin District Court Complaint contains an additional sub-paragraph regarding failure to maintain complete and adequate records, and to ensure that "compensation as required by federal law" be paid to the plaintiff, concerning rights of way, specifically. (Ak-Chin District Court Complaint, ¶ 4(g)). In addition, both District Court Complaints seek the same forms of relief.

As Defendant explained in Part II. A.2., above, the same situation obtains with respect to both plaintiffs' CFC Complaints: they both allege mismanagement of the plaintiff's assets (the very same assets at issue in those plaintiffs' respective District Court Complaints) and seek money damages for the failure properly to manage those assets, obtain fair market value for their use, and maximize investment yields. Not only are the Tohono and Ak-Chin CFC Complaints identical in many respects but the Tohono and Ak-Chin prayers for relief are identical. The Ak-Chin Complaints do not differ from the Tohono Complaints in any way that should lead to a

different result on the Section 1500 issue.

B. THE CORE ANALYSIS, WHETHER AK-CHIN'S COMPLAINTS CONCERN THE SAME OPERATIVE FACTS AND SEEK THE SAME OR OVERLAPPING RELIEF, IS THE SAME, AND WARRANTS THE SAME RESULT.

With respect to the second question posed by this Court regarding the Tohono Opinion, Defendant believes that the Court's legal analysis in *Tohono* generally is applicable to the Ak-Chin's Complaints as well, with respect to the core question, whether the Complaints at issue seek the same or overlapping relief based on the same operative facts. As Defendant noted in its previous briefing on the Section 1500 issue in this case, and at oral argument, both Ak-Chin's District Court action and this one would require both courts to examine the government's management of the same assets during the same period of time (and therefore the same transactions and the same government conduct), and to determine what, if any, difference there is between the amount of money Defendant obtained for the plaintiff and the amount that should have been obtained; and if there is a difference, what amount of money is due the plaintiff. In short, as in *Tohono*, the Complaints filed by Ak-Chin make clear on their face that they seek the same or overlapping relief based on the same operative facts. Accordingly, as Defendant explained in its motions papers and in oral argument, the proper application of Section 1500, in light of *Keene Corp. v. United States*, 508 U.S. 200 (1993); *Harbuck v. United States*, 58 Fed. Cl. 266 (2003), *aff'd* 378 F.3d 1324 (2004); and *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (Fed. Cir. 1994) requires that the *Ak-Chin* Complaint be dismissed.[5/]

---

[5/]Defendant does not necessarily embrace all the *dicta* in the *Tohono* opinion, although its holding is correct and is equally applicable here. For example, the Federal Rules have erased the distinction between law and equity; accordingly, the United States does not place as much significance on whether the claim is styled as a breach of trust. 28 U.S.C. § 1505 only allows tribes to bring claims "which would otherwise be cognizable . . . if the claimant were not an

An issue the Tohono Court did not have to address is whether the plaintiff's District Court case was "pending" for the purpose of Section 1500 when its CFC action was filed, because the District Court action was filed the day before its CFC action. In this case, where both Complaints were filed on the same day, Defendant maintains that the same analysis should apply, because the purpose of Section 1500, to protect the government from having to defend in two fora at once two suits on the same operative facts and seeking the same or overlapping relief, is implicated regardless of the particular time of day the District Court Complaint was filed, and for the additional reasons Defendant has cited in its briefing and argument. (*See, e.g.*, Defendant's motion to dismiss (Dkt. No. 23), and reply brief (Dkt. No. 29.)) In any event, the burden to show the facts establishing jurisdiction (including the requirement that no other such suit was pending when it brought suit in this Court) is Plaintiff's, and Plaintiff has failed to carry that burden here, for the reasons Defendant has explained in its earlier briefing.

III. <u>CONCLUSION</u>

For all of these reasons, and those set forth in Defendant's motions papers and post-hearing briefs, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1500.

Respectfully submitted this 7th day of January, 2008,

---

Indian tribe." What that means is that an Indian tribal claim, whether styled as a breach of trust or otherwise, requires the plaintiff to prove the same elements as that of any claimant under the Tucker Act and thus "Indian trust claims" are not unique in that regard.

Likewise, as required by Section 1491, any Tucker Act claim must be "founded on the Constitution, or any Act of Congress, or any regulation of an executive department . . . " . This means plaintiff must allege, and the court must find, a breach of the Constitution, Act of Congress, or formal regulation to be a valid Tucker Act claim.

RONALD J. TENPAS
ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division

*s/Laura M.L.Maroldy*

Laura M.L. Maroldy
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 514-4565
Fax: (202) 353-2021

Attorneys for Defendant

OF COUNSEL
ELISABETH BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240