IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Case No. 06-0932L (ECH)<br>Judge Emily C. Hewitt<br>**Electronically filed on January 11, 2008** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUR-REPLY TO PLAINTIFF'S POST-EVIDENTIARY HEARING BRIEF**

On the factual issue of which Complaint Plaintiff the Ak-Chin Indian Community filed first -- its Complaint in this Court or the District Court -- this Court has before it Ak-Chin's Interrogatory Responses, Alexis Applegate's Affidavits filed in this action, as well as in *Salt River* and *Passamaquoddy*, Ms. Applegate's testimony regarding the sequence-of-filing in this action and in *Salt River*, as well as extensive briefing by the parties. Throughout this entire process, Ak-Chin has remained consistent in its representations regarding the order in which Ms. Applegate filed the seven Complaints on December 29, 2006. And in each instance where the sequence-of-filing issue has been addressed, Ms. Applegate's sworn statements have made it abundantly clear that of the seven Complaints she filed that day, Ak-Chin's Complaint in the District Court was the **last** filed action.

In a last ditch effort to muddle this clear record, however, Defendant urges this Court to believe that Ak-Chin has injected new and inconsistent facts in Ak-Chin's Response to Defendant's Post Evidentiary Hearing Brief ("Response Brief"). Defendant's argument is a product of a misreading of Ak-Chin's Response Brief and based on the false assertion that Ak-

Chin took the position in its Response Brief that Ms. Applegate was "missing something" when she filed the Ak-Chin Court of Federal Claims Complaint. Nothing could be further from the truth. Because Defendant's theory is based upon this patently false premise, each of its subsequent arguments pointing to purported inconsistencies fails.

In addition, Defendant attempts to attach significance to the receipt numbers associated with the Complaints filed in the Court of Federal Claims to argue that the Ak-Chin Court of Federal Claims Complaint was filed earlier in the day than the Court of Federal Claims Complaints filed in *Salt River*, *Passamaquoddy* and *Tohono O'odham*. This argument directly contradicts the filing process of the Court of Federal Claims, as described by its Chief Deputy Clerk during a status conference in *Salt River*. Defendant's argument fails on the additional ground that, based on the undisputed evidence in the record, it would have been impossible for Ms. Applegate to complete the filings in the order Defendant now proposes.

And in any event, Defendant's failed attempt to confuse the order-of-filings in the Court of Federal Claims does nothing to affect the fact that the final Complaint that Ms. Applegate filed on December 29, 2006 was the District Court Complaint. Because no such claim was pending as of the time of filing of Ak-Chin's Complaint in this Court, Defendant's Motion to Dismiss should be denied.

## BACKGROUND

### A. Ak-Chin Has Never Contended That Alexis Applegate Was "Missing Something" In Connection With The Filing Of The Ak-Chin Court of Federal Claims Complaint.

In response to Defendant's discovery requests served in this action, Ak-Chin produced informal e-mails between Ms. Applegate and Catherine Munson. Ms. Applegate and Ms. Munson exchanged the e-mails on April 23rd, shortly after the government was ordered in the

*Tohono O'odham* action to file a Motion to Dismiss based on Section 1500 and before the government revealed its intent to file that same motion in this case, *Salt River* or *Passamaquoddy*. In the e-mail, Ms. Munson asked Ms. Applegate if she knew "of a way to find out what time" the *Salt River* and *Passamaquoddy* Complaints were filed in the Court of Federal Claims and the District Court on December 29, 2006. October 24, 2007 Hearing Tr., Defendant's Ex. 8. Approximately fifteen minutes after Ms. Munson had sent the e-mail, and without having reviewed any contemporaneous evidence regarding the December 29, 2006 filings, Ms. Applegate provided her initial response to Ms. Munson's inquiry. December 10th Hearing Tr., at p. 35-36; 79-80. Her response included the statement that: "As for the CFC, I know I went over and we were missing something so I had to come back to the office and get it, but I just don't know what time all of this happened." October 24th Hearing Tr., Defendant's Exhibit 8.

After having sent this immediate response to Ms. Munson's informal inquiry, Ms. Applegate realized she had confused the trips she made to the Court of Federal Claims on December 29, 2006 to file the tribal trust Complaints, with a separate and completely unrelated trip to the Court of Federal Claims days later – in January 2007, during which she learned that she was "missing something." December 10th Hearing Tr., at p. 36. Ms. Applegate made this later and unrelated trip to the Court of Federal Claims in January 2007 to submit admissions packets for Mr. Austin and another Kilpatrick Stockton LLP attorney. *Id.* During that trip, Ms. Applegate had to return to the office because she was missing something. *Id.* Ms. Applegate's visit to the Court of Federal Claims during which she learned she was "missing something" had nothing to do with the December 29, 2006 filings. *Id.*

On October 24, 2007, this Court held an evidentiary hearing during which Ms. Applegate testified in detail about the sequence of the filings of the seven Complaints she filed on December 29, 2006. Ms. Applegate explained several times during the hearing that she only made two trips to the Court of Federal Claims that day, once to file Complaints on behalf of the Salt River Pima-Maricopa Indian Community, the Passamaquoddy Tribe and the Tohono O'odham Nation, and then later, to file the *Ak-Chin* Complaint. During this hearing, Defendant's counsel cross-examined Ms. Applegate about the informal April 23rd e-mail exchange between Ms. Applegate and Ms. Munson, but did not seek an explanation as to why her e-mail referenced "missing something" during a trip to the Court Federal Claims. *See* October 24th Hearing, at p. 59-60.

Despite never having raised the issue during its cross-examination of Ms. Applegate or in its prior two briefs filed in this action, in its Post-Evidentiary Hearing Brief, Defendant relied upon the April 23rd e-mail to introduce a new theory about Ms. Applegate's filings on December 29, 2006. For the first time, Defendant argued that based on the April 23rd e-mail, Ms. Applegate's filing of the Court of Federal Claims Complaints for Salt River, Passamaquoddy and Tohono O'odham did not go "smoothly" as she had testified. Defendant's Post-Evidentiary Hearing Brf., at p. 12. Because there was no evidence in the record regarding Ms. Applegate's later and unrelated trip to the Court of Federal Claims during which she attempted to submit attorney admissions, but was missing something, Ak-Chin was unable to offer a full explanation for the statement in the April 23rd e-mail in its Response to Defendant's Post-Evidentiary Hearing Brief. So instead, Ak-Chin relied upon Ms. Applegate's testimony that she went to the Court of Federal Claims twice on December 29, 2006, once to file the *Salt River*, *Passamaquoddy* and *Tohono O'odham* Complaints and later, because she had to file the *Ak-Chin*

Complaint, not because she had learned that she was "missing something." Ak-Chin's Response Brief argued:

> While Ms. Applegate initially recalled having to make a second trip to the Court of Federal Claims that day because she was "missing something" her first trip there, the reason Ms. Applegate was required to make a second trip to the Court of Federal Claims was because the Ak-Chin CFC Complaint was not ready when the other three Complaints were filed and it had to be delivered for filing later that same morning.

Plaintiff's Response to Defendant's Post-Evidentiary Hearing Brief in Support of Defendant's Motion to Dismiss, at p. 12-13.

Ms. Applegate was called to testify again on December 10, 2007 regarding the filings she completed on December 29, 2006 in *Salt River Pima-Maricopa Indian Community v. United States*, No. 06-943L, where the government also had filed a Motion to Dismiss Pursuant to 28 U.S.C. § 1500. In light of the government's new theory that the filings in the Court of Federal Claims did not go "smoothly," on direct examination, Ms. Applegate testified again that she only made two trips to the Court of Federal Claims, and clarified what her April 23rd e-mail addressed:

> I referenced the missing something, -- I believe I got that confused with admission packets that I had to bring over in January 2007 for Mr. Austin and another Kilpatrick Stockton attorney in which I was missing an element of the packet and had to return.

December 10th Hearing Tr., at p. 36.

On cross-examination, Ms. Applegate initially conceded that Ak-Chin's explanation in its Response Brief was inconsistent with her testimony on direct-examination quoted above. As the questioning continued, Ms. Applegate requested permission to read the passage again "to make sure [they were] both talking about the same thing." December 10th Hearing Tr., at p. 71. Upon re-reading the passage, while still under cross-examination, Ms. Applegate clarified that the

Response Brief in fact was consistent with her testimony on direct-examination. December 10th Hearing Tr., at p. 71. Defendant failed to inform the Court of this testimony in its Sur-Reply.

**B. The Receipt Numbers Associated With Complaints Filed in the Court of Federal Claims Do Not Reflect The Order of Filing of Those Complaints Within A Given Day.**

On December 12, 2007, the Court held a status conference in the *Salt River* case to enable the Court to take "judicial notice of the procedures and practices that this Court uses for handling complaints." December 12th Hearing Tr., at p. 3 (J. Baskir speaking). At the status conference, the Court of Federal Claims' Chief Deputy Clerk, Lisa Reyes, explained how receipts for Complaints are issued and what significance, if any, is attached to receipt numbering for purposes of determining the timing of the filing of Complaints. In response to questions from the Court, Ms. Reyes explained that the receipt numbers assigned to Complaints do not reflect the time or order that Complaints are filed within a given day. December 12th Hearing Tr., at p. 5-9. The Court concluded its questioning of Ms. Reyes, as follows:

> Q. So it is a fair statement to say that you cannot tell what order a complaint came in on a particular day by looking at the docket number in relationship to other document numbers or by looking at the receipts?
>
> A. No, not for a normal complaint . . . .

December 12th Hearing Tr., at p. 9. Counsel for the parties also were permitted to question Ms. Reyes about the Court's procedures. Defendant's counsel questioned Ms. Reyes regarding the significance of the receipt numbers when a filer receives a receipt at the time of filing:

> Q. Now, if we know that all four of these complaints were filed over the counter on that day and that the filer took these receipts back with him, are you able to tell, out of those four complaints, which of the receipts would have issued first, which of the complaints might have been dropped off first?

A. Well, I can tell which of the receipts would be issued first, but I can't tell which of the complaints would have been dropped off first.

December 12th Hearing Tr., at p. 14.

When Defendant's counsel asked the same question again, Ms. Reyes gave Defendant's counsel the same answer: "[Y]ou can't really draw a correlation with what actually came in with what number was received directly." December 12th Hearing Tr., at p. 18. Defendant's Sur-Reply ignores Ms. Reye's unequivocal responses to Defendant counsel's questioning.

## ARGUMENT

### A. Ak-Chin's Response Brief Does Not Argue that Ms. Applegate Was Missing Something When She Filed Ak-Chin's Court of Federal Claims Complaint.

Ak-Chin's Response Brief is based only on the facts in the record at the time it was filed and is consistent with Ak-Chin's Interrogatory Responses, Ms. Applegate's Affidavit, her testimony in this case and in *Salt River* and every recitation of the December 29, 2006 filings Ak-Chin has presented in briefing before this Court. Defendant's argument that Ak-Chin injected new facts which are inconsistent with Ms. Applegate's testimony is based upon a fundamental misreading of Ak-Chin's Response Brief.

Defendant contends that Ak-Chin injected new and inconsistent facts by arguing in its Response Brief that Ms. Applegate was "missing something" in connection with the filing of the Ak-Chin Court of Federal Claims Complaint. Def. Sur-Reply, at p. 3, 4, 8 and 9. That simply is not correct. Ak-Chin's argument is that Ms. Applegate was **not** "missing something" in connection with the Ak-Chin filing in the Court of Federal Claims or any other filing that day. Ms. Applegate has never testified that she was "missing something" in connection with her filings and Ak-Chin has never represented that Ms. Applegate was "missing something" in its Interrogatories, Ms. Applegate's Affidavit or in briefing in this Court.

Underlying Defendant's argument is the suggestion that Ak-Chin is making things up as it goes along to aid its position. Not only is this offensive, but as the record demonstrates, it is absolutely false. Moreover, Defendant's argument defies logic. It in no way benefits Ak-Chin to aver that Ms. Applegate was missing something when she filed the Ak-Chin Court of Federal Claims Complaint, as Defendant contends. Such an averment is not and never has been consistent with Ak-Chin's stated position regarding the sequence of filings, and, in particular, that Ms. Applegate filed the Ak-Chin Court of Federal Claims Complaint and dropped off Ak-Chin's District Court Complaint in a relatively short time frame, between 11:41 a.m. and 12:41 p.m. Moreover, as Defendant points out, such an argument would be entirely inconsistent with every other piece of evidence Ak-Chin relies upon to support its position regarding the sequence of the filings on December 29, 2006.

The argument that Ak-Chin made in its Response Brief is that Ms. Applegate made a second trip to the Court of Federal Claims because she had to go back to the Court of Federal Claims to file the Ak-Chin Court of Federal Claims Complaint, not because she was missing something. Ak-Chin always has been consistent on this factual point. This explanation does not contain new facts and is fully supported by Ms. Applegate's testimony that she had to return to the Court of Federal Claims to file the *Ak-Chin* Complaint. Without the false premise that Ak-Chin is making the argument that Ms. Applegate was missing something when she filed the Ak-Chin Court of Federal Claims Complaint, each of Defendant's arguments pointing to purported discrepancies fails on its own.

**B. Ms. Applegate's December 10, 2007 Testimony Is Consistent with Ak-Chin's Response Brief.**

Defendant also contends that Ak-Chin's Response Brief is inconsistent with Ms. Applegate's testimony on December 10, 2007 in *Salt River*. Again, as a basis for this argument,

Defendant relies upon the false assertion that Ak-Chin took the position in its Response Brief that Ms. Applegate was "missing something" in connection with Ak-Chin's filing in the Court of Federal Claims. Def. Sur-Reply, at p. 8-10. That simply is not what Ak-Chin argues. Defendant's Response Brief makes it clear that Ms. Applegate was **not** missing something.

On December 10, 2007, in *Salt River*, Ms. Applegate provided additional facts supporting Ak-Chin's position that Ms. Applegate was not "missing something" in connection with any of the December 29, 2006 filings. Ms. Applegate explained what Ak-Chin knew when it prepared its Response Brief, but was not in the record up to that point, that Ms. Applegate's April 23rd e-mail referred to a trip to the Court of Federal Claims in January 2007 in connection with submitting attorney admission packets. December 10th Hearing Tr., at p. 36. It was during that trip, not any trip to the Court of Federal Claims Ms. Applegate made on December 29, 2006, that Ms. Applegate was "missing something." *Id.* Ms. Applegate's April 23rd e-mail in response to an informal inquiry, which she sent approximately fifteen minutes after having received it and without have taken the time to review any e-mails or any other contemporaneous evidence regarding the filings, confused the December 29th and the January 2007 trips to the Court of Federal Claims. December 10th Hearing Tr., at p. 36; 79-80.

During cross-examination at the December 10, 2007 Hearing, Ms. Applegate initially conceded that Ak-Chin's Response Brief was inconsistent with her testimony. This is not surprising considering that Ms. Applegate quickly read the passage from the Response Brief for the first time in the midst of a lengthy cross-examination. While still under cross-examination, Ms. Applegate took the initiative and asked to be permitted to read the passage from the Response Brief again. December 10th Hearing Tr., at p. 71-72. After having taken the time to review the passage carefully, Ms. Applegate expressly recanted her earlier testimony, given after

the quick read of the passage with Defendant's counsel's insinuation of inconsistency. Ms. Applegate then made it clear that the Response Brief in fact was consistent with her testimony. *Id.* The Response Brief simply omitted any reference to her later trip to the Court of Federal Claims during which she was missing documents required for two attorney admissions. *Id.*[1] Because Ak-Chin never argued that Ms. Applegate was "missing something" when she completed the Court of Federal Claims filings, Ms. Applegate did not present a "completely new and different" explanation for the statement in the e-mail at the December 10, 2007 Hearing, as Defendant contends.

**C. The Receipt Numbers Do Not Reflect the Sequence of the December 29, 2006 Filings.**

In spite of the fact that the parties have operated under the shared and well-founded understanding that the docket and receipt numbers do not reflect the order-of-filing within a day at the Court of Federal Claims, Defendant now urges this Court to find that the Ak-Chin Court of Federal Claims Complaint was filed before the *Salt River*, *Passamaquoddy* and *Tohono O'odham* Court of Federal Claims Complaints based upon the receipt numbers associated with those Complaints. This argument fails for two reasons.

First, Defendant's argument directly contradicts what Ms. Reyes represented to the Court and counsel in response to questions at the December 12th status conference in *Salt River*. In fact, in response to Defendant's counsel's repeated questions as to whether the receipt numbers reflect the sequence of filing within a day when a person receives a receipt at the time of filing, Ms. Reyes responded unequivocally, each time, that the receipt numbers do not reflect

[1] Defendant's argument that Ms. Applegate conceded that her testimony contradicted Ak-Chin's Response Brief, without even having mentioned that she later recanted and corrected that testimony, is disingenuous.

the order that the Complaints were left with the Court for filing.[2] December 12th Hearing Tr. , at p. 14, 18. Ms. Reyes' responses to questioning were so convincing that Judge Baskir also reached the conclusion that the receipt numbers do not reflect the order that complaints come into the Court of Federal Claims. December 12th Hearing, Tr., at p. 9. Defendant's argument only succeeds if this Court rejects Ms. Reyes' description of the Court's filing processes.

Second, based on the undisputed evidence in the record, it would be impossible for Ms. Applegate to have filed the *Ak-Chin* Court of Federal Claims Complaint prior to filing the other three Court of Federal Claims Complaints, as Defendant now contends. As Defendant acknowledged in its Sur-Reply, the *Ak-Chin* Court of Federal Claims Complaint was not ready to be filed as of 11:41 a.m. Defendant's Sur-Reply, at p. 12. Further, it is not disputed that Ms. Applegate sent an e-mail to Mr. Austin at 12:41 p.m. saying that all the Complaints had been filed, but that she was waiting for a summons for the Ak-Chin District Court action. October 24th Hearing Tr., at p. 43, Plaintiff's Exhibit J. Therefore, Ms. Applegate filed the *Ak-Chin*

---

[2] Even if Ms. Reyes had testified that you could determine the sequence of filings of Complaints in the Court of Federal Claims based on the receipt numbers when a party receives a receipt at the time of filing, it is clear that Ms. Applegate did not receive receipts at the Court of Federal Claims at the time she filed the Complaints. Rather, as her testimony and contemporaneous e-mails reflect, Ms. Applegate received the receipts several days after she completed the Court of Federal Claims filings. According to Ms. Reyes, judges and civil action numbers are assigned and provided to the parties at the same time a receipt is issued. December 12th Hearing Tr., at p. 23; 30-31. Ms. Applegate testified in *Salt River inter alia* that she did not receive a civil action number for the Court of Federal Claims Complaints until several days after she completed filings. December 10th Hearing Tr., at p. 83. In addition, on January 3, 2007, Ms. Applegate sent an e-mail to Mr. Harper informing him that she had just received notice that the Court of Federal Claims had assigned a judge to this action and some of the other cases she filed in the Court of Federal Claims. (*See* January 3, 2007 e-mail attached hereto as Exhibit A.) Plaintiff's counsel searched for and produced this e-mail to Defendant on December 20, 2007, shortly after Ms. Reyes' explanation regarding the Court of Federal Claims' intake procedures and the assignment of civil action numbers and receipts had been provided in *Salt River*. Plaintiff may take steps to further clarify this issue when Ms. Applegate is available (she is currently out of the country) and in accordance with the post-hearing schedule established by the Court in *Salt River*.

Court of Federal Claims Complaint and dropped off the *Ak-Chin* District Court Complaint between 11:41 a.m. and 12:41 p.m.

Defendant has previously argued (without pointing to any evidence) that it would have been impossible for Ms. Applegate to file the Ak-Chin Court of Federal Claims Complaint and the District Court Complaint between 11:41 a.m. and 12:41 p.m. In fact, Defendant argued that to do so, Ms. Applegate would have had to completed the tasks in "warp speed." *See* Defendant's Response to Plaintiff's Post Evidentiary Hearing Brief, at p. 23.

Now, in a last ditch effort to clutter the record with yet another unfounded theory on the sequence of filings, Defendant is offering a scenario in which Ms. Applegate would have had to not only complete the filing of the Ak-Chin Court of Federal Claims Complaint and left the District Court Complaint with the District Court between 11:41 a.m. and 12:41 p.m., but also would have had to file the *Salt River*, *Passamaquoddy* and *Tohono O'odham* Court of Federal Claims Complaints. That is, if the receipt numbers associated with the Court of Federal Claims Complaints reflect the order of filing, as Defendant contends, then Ms. Applegate had to file the Ak-Chin Court of Federal Claims Complaint first, because it has the lowest number, then file the *Salt River*, *Passamaquoddy* and *Tohono O'odham* Complaints, which have higher and sequential numbers, in a separate and much later trip to the Court of Federal Claims and taken a separate trip to the District Court to file the Ak-Chin Complaint -- all within one hour.

During cross-examination on December 10, 2007, Ms. Applegate specifically rejected the possibility that she filed the Court of Federal Claims Complaints in the order now proposed by Defendant. December 10th Hearing Tr., at p. 79-81.[3] Ms. Applegate also testified at length

[3] Defendant even went so far as to suggest that Ms. Applegate did the filings alphabetically based on the name of each tribal trust plaintiff. December 10th Hearing Tr., at p. 78, 80. It is yet another theory bereft of evidentiary support.

about the tasks required to complete the filing of the Complaints for Ak-Chin in the Court of Federal Claims and for leaving the Complaint for Ak-Chin in the District Court and the time it took to complete those tasks. December 10th Hearing Tr., at p. 47-65. While Ms. Applegate's testimony makes it clear that she worked quickly and efficiently to accomplish the two filings between 11:41 a.m. and 12:41 p.m., it is also is evident from her testimony that she would not have been able to complete an additional and separate trip to the Court of Federal Claims during that hour. Thus, Defendant's theory is not only unsupported, but it is also impossible to square with the evidence in the record.

### D. The Ak-Chin District Court Complaint Was the Last Complaint Ms. Applegate Filed on December 29, 2006.

Defendant's attempt to change the order of the filings in the Court of Federal Claims is of no legal consequence, in any event, because Defendant's arguments do not affect the fact that the last action Ms. Applegate filed on December 29, 2006 was the Ak-Chin District Court Complaint. Because no District Court action was pending for Ak-Chin when it filed its Court of Federal Claims Complaint, Section 1500 does not apply and Defendant's motion fails. *See Hardwick Bros. Co. II v. United States*, 72 F.3d 883, 886 (Fed. Cir. 1995); *Breneman v. United States*, 57 Fed. Cl. 571, 575 (2003), *aff'd*, 97 Fed. Appx. 392 (Fed. Cir. 2004); *Tecon Engineers, Inc. v. United States*, 343 F.2d 943, 949 (Fed. Cl. 1965).

The evidence in the record demonstrating that the last Complaint Ms. Applegate filed on December 29, 2006 was Ak-Chin's District Court Complaint is substantial. This evidence consists of Ms. Applegate's Affidavit, Ak-Chin's Interrogatory Responses, Ms. Applegate's testimony on October 24th, e-mails Ms. Applegate sent at the time of the filings, as well as other evidence generated from the filings. Defendant has not contested this evidence, which is as follows:

- Ms. Applegate remembers that her last trip of the day to file a Complaint was to the District Court, and in particular, that she exchanged a "high-five" with the security guard at the District Court when she was done with her filings. *See* October 24th Hearing Tr., at p. 12; 15-16.
- Ms. Applegate's December 29, 2006, 12:41 p.m. e-mail to Bill Austin explains that she had finished the filings but had to retrieve a summons, a document only needed in the District Court. *See* October 24th Hearing Tr., Plaintiff's Ex. J.[4]
- Ms. Applegate called the clerk's office at the District Court and learned that the District Court assigns civil action numbers sequentially based on the order of filing. *See* October 24th Hearing Tr., at p. 17.
- Because the Ak-Chin District Court action was assigned the highest civil action number of all the District Court Complaints Ms. Applegate filed that day, the Ak-Chin District Court Complaint was the last Complaint Ms. Applegate filed that day. *See* October 24th Hearing Tr. 16-17; Exhibit 3 to Defendant's Motion to Dismiss.
- Ms. Applegate testified that because the Ak-Chin District Court Complaint was the last Complaint, of the seven Complaints, she filed that day; "[she] would have had to had filed the CFC Complaint prior to that." *See* October 24th Hearing Tr., at p. 13-14.
- Ms. Applegate consistently represented that she was certain that the Ak-Chin District Court action was the last Complaint she filed on December 29, 2006, through her Affidavit, Ak-Chin's Interrogatory Response and her testimony on October 24, 2007. *See* Affidavit of Alexis Applegate, at ¶ 5; Plaintiff's Responses and Objections to

[4] Under the RCFC 4, Ak-Chin was not required to effectuate service of the Court of Federal Claims Complaint on the United States. *See* RCFC 4 ("Service of the complaint upon the United States shall be made through the delivery by the clerk to the Attorney General . . . of copies of the complaint . . . the date of service shall be date of filing with the clerk.").

Defendant's First Set of Interrogatories, Response No. 11; October 24th Hearing Tr., at p. 13; December 10th Hearing Tr., at p. 27-28.

The arguments pursued by Defendant in its Sur-Reply concerning the order-of-filing in the Court of Federal Claims do not implicate this evidence or change that the Ak-Chin District Court Complaint was the last Complaint Ms. Applegate filed on December 29, 2006. Nor has Defendant otherwise disputed this compelling evidence. Therefore, Ak-Chin has carried its burden to show that it filed the instant action prior to filing its District Court Complaint.

## CONCLUSION

For these reasons, the Defendant's arguments do not controvert Ak-Chin's showing that the District Court action was not pending at the time Ak-Chin filed the Court of Federal Claims Complaint. Accordingly, for the reasons stated herein and in Ak-Chin's Opposition to Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1500, Plaintiff's Opening Post-Evidentiary Hearing Brief Opposing Defendant's Motion to Dismiss and Plaintiff's Response to Defendant's Post-Evidentiary Hearing Brief in Support of Defendant's Motion to Dismiss, Defendant's Motion to Dismiss should be denied.

This the 11th day of January, 2008.

Respectfully submitted,

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail: cmunson@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.

Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858

*Attorneys for Plaintiff*
The Ak-Chin Indian Community

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-0932L (ECH) |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | **Electronically filed on January 11, 2007** |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S SUR-REPLY TO PLAINTIFF'S POST-EVIDENTIARY HEARING BRIEF was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Laura M.L. Maroldy, Esq.
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

This 11th day of January, 2008.

/s/ Keith Harper

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail: cmunson@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005

Phone: (202) 508-5800
*Attorneys for Plaintiff*
The Ak-Chin Indian Community