# In the United States Court of Federal Claims

No. 06-932 L

(E-Filed: February 5, 2009)

|  |  |  |
|---|---|---|
| AK-CHIN INDIAN COMMUNITY, | ) | |
| | ) | Motion for Reconsideration; |
| | ) | RCFC 54(b); RCFC 59(a); |
| Plaintiff, | ) | Defendant Fails to Show |
| | ) | "Manifest Injustice" Requiring |
| v. | ) | Reconsideration |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Keith Harper, Washington, DC, for plaintiff.  G. William Austin and Catherine F. Munson, of counsel.

Alexandra K. Smith, with whom was John C. Cruden, Acting Assistant Attorney General, Environment & Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.  Kevin E. Regan and Alison D. Garner, Natural Resources Section, Environment & Natural Resources Division, United States Department of Justice, Washington, DC, of counsel.  Elisabeth C. Brandon, James S. Stroud, and James Ferguson, Office of the Solicitor, United States Department of the Interior, Washington, DC, of counsel.  Teresa E. Dawson, Thomas Kearns, and Rebecca Saltiel, Office of the Chief Counsel, Financial Management Service, United States Department of the Treasury, Washington, DC, of counsel.

OPINION and ORDER

Before the court is Defendant's Motion for Reconsideration of the January 14, 2009 Order on Plaintiff's Motion to Compel Regarding Records Maintained at the American Indian Records Repository (Motion or Mot.), and Defendant's Memorandum in Support of its Motion for Reconsideration of the January 14, 2009 Order on Plaintiff's Motion to Compel Regarding Records Maintained at the American Indian Records Repository (defendant's Memorandum or Def.'s Memo.).  Pursuant to Rule 59(b)(3) of

the Rules of the United States Court of Federal Claims (RCFC), the court did not request responsive briefing to defendant's Motion.  See RCFC 59(b)(3) (providing that "[a] response to any motion under [RCFC 59] may be filed only at the court's request").

For the following reasons, defendant's Motion is DENIED.  Pursuant to RCFC 54(b), the court AMENDS its January 14, 2009 Opinion in accordance with this Opinion and Order.  See RCFC 54(b) ("[A]ny order or other decision, however designated, . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.").

I.   Standard of Review

The standards applicable for reconsideration of non-final decisions are set forth in RCFC 54(b) and RCFC 59(a).  RCFC 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."  RCFC 54(b).  RCFC 59(a) provides that rehearing or reconsideration may be granted as follows:  "(A)  for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B)  for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C)  upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States."  RCFC 59(a)(1).

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court."  Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990).  "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'"  Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000) (table)).  "To prevail on a motion for reconsideration, the movant must point to a manifest error of law or mistake of fact."  Pac. Gas & Elec. Co. v. United States, 58 Fed. Cl. 1, 2 (2003) (citing Franconia Assocs. v. United States, 44 Fed. Cl. 315, 316 (1999)).  "Specifically, the moving party must show:  (1)  the occurrence of an intervening change in the controlling law; (2)  the availability of previously unavailable evidence; or (3)  the necessity of allowing the motion to prevent manifest injustice."  Matthews v. United States (Matthews), 73 Fed. Cl. 524, 526 (2006) (citing Griswold v. United States, 61 Fed. Cl. 458, 460-61 (2004)).

II.   Discussion

    A.   Amendment of January 14, 2009 Opinion

In its Memorandum, defendant explains that the term "Tribal Records," as used in the September 12, 2003 Memorandum of Understanding (MOU) entered into between the United States Department of the Interior (Interior) and the National Archives and Records Administration (NARA), refers to "non-federal Indian records in the legal custody of American Indian Tribes" and stored at the American Indian Records Repository (AIRR). Def.'s Memo. Attachment 2 (Declaration of Gregory Pomicter) ¶ 9; see also Def.'s Memo. 4.  Defendant further explains that the record retention processes established by the provision of the MOU quoted in the court's January 14, 2009 opinion, which applies to Tribal Records only, does not therefore govern the storage of the federal records at issue in this case.  Def.'s Memo. Attachment 2 (Declaration of Gregory Pomicter) ¶ 11; see also Def.'s Memo. 5-6.

In light of the explanations contained in defendant's Motion, the court AMENDS its January 14, 2009 opinion to OMIT portions of the opinion in which the court relies on article III, section A.3 of the MOU in the court's application of RCFC 34(b)(2)(E)(i).  See Opinion of Jan. 14, 2009, dkt. no. 101, at 7-8.

Specifically, the court WITHDRAWS the factual findings contained in its January 14, 2009 opinion regarding (1) the failure of the Box Index Search System (BISS) "to comply with the MOU," Opinion of Jan. 14, 2009, dkt. no. 101 at 7; (2) the characterization of defendant's storage of federal records as a "deviation from the procedures delineated in the MOU," id. at 8; and (3) the distinction made by the court between the court's perception of defendant's actions in this case and the actions of the producing party in In re Adelphia Commc'ns Corp., 338 B.R. 546, 550-52 (Bankr. S.D.N.Y. 2005), Opinion of Jan. 14, 2009, dkt. no. 101 at 8.  Accordingly, the court also WITHDRAWS its use of the foregoing factual findings in the court's application of RCFC 34(b)(2)(E)(I), see Opinion of Jan. 14, 2009, dkt. no. 101 at 7-8.

The withdrawal of these findings has no effect on the court's conclusions reached in this Opinion and Order.  See infra Part II.B.

      B.     Defendant Has Not Demonstrated "Manifest Injustice"

Defendant does not allege "the occurrence of an intervening change in the controlling law" or "the availability of previously unavailable evidence."  See Matthews, 73 Fed. Cl. at 526; Def.'s Memo. passim.  Rather, defendant argues that reconsideration of the court's January 14, 2009 opinion granting plaintiff's motion to compel is warranted in order to prevent manifest injustice.  See Def.'s Memo. 3.  However, defendant has failed to show that it is necessary to grant the Motion in order to prevent a manifest injustice from occurring as a result of the court's decision.

"Manifest" is defined as "clearly apparent or obvious." Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002). "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being almost indisputable.'" Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 31 (2007) (quoting Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006)).

The court outlined several bases, separate and apart from the court's use of the MOU, upon which the court relied in order to conclude that records kept in storage at the AIRR are not kept in the usual course of business as required by RCFC 34(b)(2)(E)(i). See Opinion of Jan. 14, 2009, dkt. no. 101 at 3-7 (discussing several reasons for which documents at the AIRR are not kept in the usual course of business, including: (a) the significant reorganization of plaintiff's files undertaken in preparation for transporting the files from the agency office to the AIRR; (b) the fact that case law dictates that documents in storage do not qualify as documents kept in the usual course of business; and (c) the fact that the filing system at the AIRR, and the tools created to search for documents stored at the AIRR, do not facilitate a meaningful review by plaintiff of the documents produced). Accordingly, the error of fact to which defendant points is not one on which the outcome of the case depends.

After the amendment of its January 14, 2009 opinion, see supra Part II.A, the court's legal conclusions regarding the application of RCFC 34(b)(2)(E)(i) remain intact. Therefore, requiring defendant to be bound by the court's January 14, 2009 opinion granting plaintiff's motion to compel does not result in a "manifest" or "obvious" injustice in this case. The court's amendment to its January 14, 2009 opinion does not require reconsideration under RCFC 59(a).

III.   Conclusion

Because the error of fact to which defendant points is not one on which the outcome of the court's decision depends, defendant has not demonstrated the necessity of granting reconsideration to prevent manifest injustice. Defendant's Motion is DENIED.[1]

---

[1] In its Memorandum in Support of its Motion for Reconsideration of the January 14, 2009 Order on Plaintiff's Motion to Compel Regarding Records Maintained at the American Indian Records Repository (defendant's Memorandum or Def.'s Memo.), defendant includes a footnote which states, in full, the following:

> The Court's ruling on the applicability of RCFC 34(b)(2)(E)(i) to federal records maintained at the AIRR also discusses the process Defendant uses to transfer

(continued...)

4

[1](...continued)
records to the AIRR and the indexing system for those records: the Box Index Search System (the "BISS"). See Order at 4-5, 6-7. Yet, the Court relies on Plaintiff's characterizations of the facts as an evidentiary basis for some of its findings. See e.g. [sic] Order at 4 (citing pages 6-8 of Plaintiff's Motion and page 6 of Plaintiff's reply brief as evidence that Defendant "substantially rearranged and co-mingled" Plaintiff's documents with those of other Tribes prior to sending them to the AIRR). In addition, the Court relies on Plaintiff's BISS searches as evidence that the BISS is "unwieldy and unhelpful." Order at 6. Yet, Plaintiff admitted that the BISS searches it ran were not to test the effectiveness of the BISS as an index to find documents responsive to discovery. Transcript of TSC, at 28:7-16 (December 11, 2008) (in which Plaintiff states "we did not do [the BISS searches] for the purpose of obtaining documents responsive to our requests" but instead ran them "merely to demonstrate what would happen if we did the searches based on our standard procedures"). Courts have indicated that rulings on motions to compel can be overturned if the decisions are based on erroneous factual findings. American Standard, Inc. v. Pfizer, 828 F.2d 734, 739 (Fed. Cir. 1987). Given the potentially precedential impact this ruling could have on the large number of pending tribal trust cases, should the court be inclined to reconsider its ruling on the Motion to Compel, Defendant requests an evidentiary hearing at which a more thorough presentation of evidence can be given to the Court as to Defendant's practices for accession of records to the AIRR and the BISS.

Def.'s Memo. 8 n.3.

Defendant's footnote appears to be crafted towards achieving two objectives, neither of which relates to the substantive arguments made in Defendant's Motion for Reconsideration of the January 14, 2009 Order on Plaintiff's Motion to Compel Regarding Records Maintained at the American Indian Records Repository (Motion or Mot.). The court now addresses both of defendant's apparent objectives in this footnote.

First, defendant argues, without support in the record, that the court's factual findings (beyond those addressed in Part II.A of this Opinion and Order) contained in its Opinion of January 14, 2009 are erroneous. Defendant alleges that "the Court relie[d] on Plaintiff's characterizations of the facts as an evidentiary basis for some of its findings." Def.'s Memo. 8 n.3. Specifically, defendant attacks the court's finding "that [d]efendant 'substantially rearranged and co-mingled' [p]laintiff's documents with those of other Tribes prior to sending them to the AIRR." Id. (citing Opinion of Jan. 14, 2009, dkt. no. 101 at 4). However, contrary to defendant's allegations, the court relied upon declarations contained within defendant's own briefing in support of its factual findings with regard to the transfer and storage of documents at

(continued...)

IT IS SO ORDERED.

                                                     s/ Emily C. Hewitt
                                                     EMILY C. HEWITT
                                                     Judge

---

[1](...continued)
the American Indian Records Repository (AIRR).  See Opinion of Jan. 14, 2009, dkt. no. 101 at 3-4.  In addition to the court's citations relying on defendant's own declarations, the court also acknowledged portions of plaintiff's briefing which also relied on defendant's declarations.  See, e.g., Opinion of Jan. 14, 2009, dkt. no. 101 at 4 (citing to Plaintiff's Reply in Support of Motion to Compel, dkt. no. 77, at 6, which in turn cites a November 14, 2008 Declaration of the Director of the Office of Trust Records stating that defendant's procedures do not require agency files to be separated by tribe, as support for the statement that plaintiff's documents "may well have ended up being shipped to the AIRR in the same boxes [as another tribe's documents]").  Defendant also questions the court's reliance on results from plaintiff's Box Index Search System (BISS) searches "as evidence that the BISS is 'unwieldy and unhelpful.'"  Def.'s Memo. 8 n.3.  However, defendant does not provide any support for its allegation that the court's reliance on the results of plaintiff's BISS searches is sufficient to find that the court's decision is "based on erroneous factual findings."  See Def.'s Memo. 8 at n.3 passim.  Moreover, the court notes that it relied on other evidence in addition to the results of plaintiff's BISS searches in order to support its factual findings.  See Opinion of Jan. 14, 2009, dkt. no. 101 at 6-7 (citing to defendant's own declarations describing the BISS system).

       Second, in the next to last sentence of its footnote, defendant cites to the decision of the United States Court of Appeals for the Federal Circuit in American Standard, Inc. v. Pfizer (American Standard), 828 F.2d 734, 739 (Fed. Cir. 1987) (discussing trial court orders refusing to compel discovery and holding that "an abuse of discretion [by the trial court] occurs when . . . the decision is based on clearly erroneous factual findings"), which appears to the court to be crafted to raise the specter of a possible reversal of the court's evidentiary decisions contained in its January 14, 2009 Opinion.  See Def.'s Memo. 8 n.3.  Defendant summarizes the teaching of American Standard to be "rulings on motions to compel can be overturned if . . . based on erroneous factual findings," id., omitting a possibly inconvenient part of the legal standard, that is, that findings be "clearly erroneous," American Standard, 828 F.2d at 739 (emphasis added).  Finally, and apparently to provide the court with a means to avoid reversal, defendant calls for an evidentiary hearing.  Def.'s Memo. 8 n.3.  Defendant's attempt to justify a rehearing of this matter is unavailing.  Defendant has not provided a basis to support reconsideration, and is therefore not entitled to a rehearing.